Hamilton DeGraw, Defendant in Error, v. George M. Taylor, Plaintiff in Error.

*Limitations—Adverse Possession— Color of Title.*—A party entering into possession of land without color of title, can only prescribe for the land in his actual occupancy; if he claim under a tax deed, his possession will be under color of title only from the date of the deed.

*Error to Macon Circuit Court.*

*Gilstrap*, for plaintiff in error.

*Lander*, for defendant in error.

I. The tax deed, read in evidence by Taylor, as the basis of his adverse possession, only related from *the time* of its date, 6th August, 1853, and not from the time of the sale recited therein (Darrah v. Veal, 19 Mo. 331). The suit being commenced 13th July, 1862, ten years did not elapse.

II. Taylor did not connect the possession with the color of title until 1855, when the evidence shows he purchased the possessory title and joined it to his tax title, up to which time the tax title and possession were adverse to each other.

Color of title and possession must go together to cover the entire tract. (33 Mo. 41; 34 Mo. 41; 30 Mo. 310; 27 Mo.

601; 32 Mo. 553.) The ten years allowed for redemption from a tax sale cannot be computed in the period of limitation. (Pease v. Lawson, 33 Mo. 41.)

HOLMES, Judge, delivered the opinion of the court.

The plaintiff brought his action of ejectment against the defendant in the Circuit Court of Macon county, on the 13th day of July, 1862, to recover the possession of a quarter section of land lying in said county, and showed title in himself, originating with a patent from the United States, dated May 28, 1819.

The defendant, showing no title, rested his defence upon the statute of limitations. The evidence tended to prove an open, visible, notorious and adverse possession on the part of the defendant, and those under whom he claimed, amounting to an actual occupation for more than ten years next before the commencement of the suit, of a part only of the land in controversy, not exceeding twenty acres, claiming the whole. There was no color of title otherwise than by a tax deed of the State Register, dated August 5, 1853, upon a tax sale made on the first Monday in October, 1850. The defendant endeavored to make this deed available for color of title as far back as the day of sale. It has already been decided by this court that a possession, taken under a tax title of that kind, is not to be considered as adverse to that of the owner, prior to the date of the tax deed. (Pease v. Lawson, 33 Mo. 35.) We see no good reason for departing from that decision.

The defendant then stands on a naked adverse possession, without shadow of title. It is too well settled to need discussion, that, as against the legal seizin which accompanies the true title, the possession of a stranger to the title, or a mere intruder, in order to be adverse in the sense of the law, must be an open, visible, notorious, hostile, and actual occupation. It is sometimes difficult to determine what acts of possession amount to proof of such actual occupation ; but, in this case, while the proof is clear of an adverse possession to the extent of twenty acres, there is no evidence whatever

of any acts of possession beyond that extent. The verdict was for the plaintiff for the whole tract, excepting the twenty acres so adversely occupied for more than ten years. We find no error in the instructions on either side; they were in accordance with the views here taken of the law of the case.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.