LEWIS S. CHASE, Appellant, v. THE SECOND AVENUE RAILROAD COMPANY, Respondent.

The law will not imply an unwritten contract which the parties themselves could not make without writing.

The rule of law, that a tenant of real estate, whose lease was for a year or a term of years, and who has been permitted by the landlord to hold over after the expiration of his term, may hold for another year upon the same terms, does not apply to personal property.

The parties entered into a written contract by which plaintiff, in considera-
tion of the payment of a specified yearly rate, payable monthly, was
granted the exclusive privilege of placing advertisements in defendant's
cars for two years from December 30, 1876. The contract was performed
for the two years, and plaintiff thereafter, without further agreement,
continued to place advertisements in said cars, making the monthly
payments, as stated in the contract, until May 1, 1881, when, having pre-
viously given notice requiring him to remove such advertisements
on or before that day, defendant removed them, and refused to allow
him to place any more therein. In an action to recover damages for an
alleged breach of contract, *held* that defendant was not bound to permit
plaintiff to keep his advertisements in its car for the whole of the year
1881, but had the right to exclude them at any time after the termina-
tion of the contract ; and that, therefore, the action was not maintainable.

(Argued October 30, 1884 ; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, entered upon an order
made at the May term, 1882, which affirmed a judgment in
favor of defendant, entered upon a decision of the court on
trial without a jury. (Reported below, 16 J. & S. 220.)

This action was brought to recover damages for an alleged
breach of contract.

The material facts are stated in the opinion.

*John Brooks Leavitt* for appellant. Where a contract, void
by the statute of frauds, has been partly performed, the law
will imply a contract of some kind to prevent a wrong. (*Mavor
v. Payne*, 2 C. & P. 91; *Gray* v. *Hill*, Ry. & Moody, 420 ;
*Martin* v. *Smith*, L. R., 9 Exch. 50 ; 3 Kent, 452 ; *Rider* v.
*Union India Rubber Co.*, 28 N. Y. 387.) Where parties make
an oral contract to do certain things for a term of years, it is
an agreement from year to year to do these things, to which
an end cannot be put by either in the middle of a year, or
without due notice. (*Beeston* v. *Collyer*, 4 Bing. 309; *Trus-
tees* v. *Brooklyn F. Ins. Co.*, 19 N. Y. 305 ; *Robert* v. *Rock-
bottom Co.*, 7 Metc. 46.) If a rendition of a right to place the
signs can be implied, it is a contract performed at once, hence
not within the statute. (*McKay* v. *Rutherford*, 6 Moore's P.

C. 413, 429'; Wood on Statute of Frauds, 500; *Smith* v. *Neale*, 2 C. B. [N. S.] 66.) Equity will imply an agreement to make a valid agreement, and will decree specific performance thereof. (*Mundy* v. *Joliffe*, 5 Myl. & Cr. 167; *Tilton* v. *Tilton*, 9 N. H. 385; *Harris* v. *Knickerbocker*, 5 Wend. 642; *Bond* v. *Rosling*, 1 Best & S. 371; *Burton* v. *Revell*, 16 M. & W. 307; *Parker* v. *Taswell*, 2 DeG. & J. 559; Wood on Statute of Frauds, 63, 64.) Equity will sometimes treat a license as an agreement to convey and decree specific performance. (*Cook* v. *Pridgen*, 45 Ga. 331.) It will decree specific performance of an agreement to lease for over a year if partly performed. (*Eaton* v. *Whittaker*, 18 Conn. 222.) Where consent of another is necessary to the validity of an act in reference to that other's property, if the giving of it is proved, or necessarily implied from the circumstances, equity will not allow any advantage to be taken, because the consent was not in the form required by the statute of frauds. (*Raritan W. P. Co.* v. *Veghte*, 21 N. J. Eq. 463.) A renewal of two years from December 30, 1880, is to be implied. (*Hoyle* v. *P. M. R. R. Co.*, 54 N. Y. 314; *Handcock* v. *Austin*, 14 C. B. [N. S.] 429; *Smart* v. *Sandars*, 5 C. B. 917.) The statute of frauds does not apply to implied contracts. (Wood on Statute of Frauds, 485; *Beeston* v. *Collyer*, 4 Bing. 309.) The statute does not apply to an executed agreement, or where it is to be executed within a year, by one of the parties. (*Souch* v. *Strawbridge*, 2 C. B. 808; *Donnellan* v. *Reade*, 3 B. & Ad. 899; *Smith* v. *Neale*, 2 C. B. [N. S.] 66; *Martin* v. *Smith*, L. R., 9 Exch. 50; *Steel* v. *Payne*, 42 Ga. 207.) The contract, which should be implied, is one giving plaintiff the exclusive right to hang advertisements in the cars for a time not exceeding one year after notice to stop. (*Trustees* v. *Brooklyn F. Ins. Co.*, 19 N. Y. 305; approved in *Van Woert* v. *Albany & Susq. R. R. Co.*, 67 id. 542; *Smith* v. *Conlin*, 19 Hun, 234; *Roberts* v. *Rockbottom Co.*, 7 Metc. 46; *Schell* v. *Plumb*, 55 N. Y. 598; *Dresser* v. *Dresser*, 35 Barb. 573; *Hutchinson* v. *Hutchinson*, 46 Me. 154; *Kent* v. *Kent*, 62 N. Y. 560; *Updike* v. *Ten Broeck*, 3 Vroom, 105; *Wells* v. *Hor*-

*ton,* 4 Bing. 40; *Fulton* v. *Embers,* 3 Burr. 1278; *Souch* v. *Strawbridge,* 2 C. B. 808; *Peters* v. *Westborough,* 19 Pick. 364; *Trustees of Brooklyn F. Ins. Co.,* 19 N. Y., *supra; Lyon* v. *King,* 11 Metc. 411; *Doyle* v. *Dixon,* 97 Mass. 208; *Justice* v. *Lang,* 42 N. Y. 493; *Moore* v. *Fox,* 10 Johns. 244; *Archer* v. *Zeh,* 5 Hill, 200; *Peter* v. *Compton,* 1 Smith's Lead. Cas. 577, Hare and Wallace's notes.)

*Austen G. Fox* for respondent. The original contract of December, 1876, was nothing more than a license to the plaintiff to put his signs in the defendant's cars. (*Thomas* v. *Sorrel,* Vaughans, 330; 13 M. & W. 844; *Watkins* v. *Overseers,* L. R., 3 Q. B. 350; *Wells* v. *Kingston-upon-Hull,* L. R., 10 C. P. 402.) The mere fact that the defendant did not interfere with the plaintiff in his enjoyment of his license in January, 1881, but allowed him to keep his signs in the cars and received money from him for that privilege, did not give him the right to insist on retaining the signs in the cars and during the remainder of the year. (*Chamberlain* v. *Pratt,* 33 N. Y. 47; *Schuyler* v. *Smith,* 51 id. 309.) The jury, from a part performance of a contract falling within the statute, cannot infer another contract not affected by the statute. (*Comes* v. *Lamson,* 16 Conn. 246.) The court will not imply a license for two years, for that would be to imply a contract void by the statute. (*Boydell* v. *Drummond,* 11 East, 142; *Mayor* v. *Pyne,* 3 Bing. 285; 1 Chitty on Contracts [11th Am. ed.], 81; *Pulbrook* v. *Lawes,* 1 Q. B. D. 284, 290.) The doctrine of part performance does not aid the plaintiff. (Browne on Statute of Frauds [4th ed.], § 493; *Boydell* v. *Drummond,* 11 East, 142; *Bracegirdle* v. *Heald,* 1 B. & Ald. 722; *Comes* v. *Lamson,* 16 Conn. 246.) It cannot be said that the plaintiff has a license by estoppel. · (Browne on Statute of Frauds [14th ed.], § 31.)

EARL, J. In August, 1876, the plaintiff entered into a written contract with the defendant whereby, in consideration of $1,200 per year payable in monthly installments of $100 each, he was to have the exclusive right to place advertisements in its cars

for two years from the 30th day of December of that year. In
pursuance of that contract he placed and kept advertisements in
the cars for the two years, and paid the stipulated compensa-
tion. After the expiration of the two years, without any fur-
ther agreement, he continued to place and keep advertisements
in the cars until May 1, 1881, making the monthly payments,
when, in pursuance of a notice requesting him to remove the
advertisements from the cars on or before that day, it removed
them from its cars and refused to permit him to place any more
therein.

The plaintiff claims that by permitting him to keep his ad-
vertisements in the cars after December 30, 1880, and taking
pay from him, the defendant must be held by implication to
have renewed the original contract for another term of two
years from that date; and that at least by permitting him to
enter upon another year in 1881, it was bound to permit him
to keep his advertisements in the cars for the whole of that
year.

This action was brought to recover damages from the de-
fendant for its refusal to permit the plaintiff to keep his adver-
tisements in the cars after May 1, 1881. He was defeated at
the trial and then appealed to the General Term and to this
court.

The written contract between the parties amounted either to
a license or to a lease (it is unimportant to determine which),
to use the defendants' cars, personal property, for a certain pur-
pose. The law did not imply a renewal of the contract for a
term of two years, because such a contract which was not to be
performed, and could not be performed within one year,
not being in writing, was void under the statute of frauds.
The law will not imply an unwritten contract which the par-
ties themselves could not make without writing. It will some-
times imply an obligation on the part of a person who has re-
ceived a benefit under a contract condemned by the statute of
frauds, to make compensation to the other party. An implied
contract is one which the law infers from the facts and circum-
stances of the case; but it will not be inferred, so far as I can

conceive, in any case where an express contract would for any reason be invalid. The law will not make that valid without a writing which the law requires should be in writing.

Contracts void under the statute of frauds will sometimes be specifically enforced in equity, not because they are treated as valid, but for the prevention of fraud.

This is not an equitable action for the specific performance of any contract or to compel the execution of a valid lease or contract on the part of the defendant. No such relief was claimed in the complaint or upon the trial. The action is to recover damages for the breach of an alleged valid agreement, and to maintain it the plaintiff must show a valid agreement.

The claim of the plaintiff that he was entitled to the benefit of the contract for the whole of the year subsequent to December 30, 1880, upon the ground that there was an implied contract for the whole of that year, is also unfounded. If the cars had been real estate leased to him, his claim would have foundation. A tenant of real estate, permitted to hold over after the expiration of his tenancy, may hold for another year upon the same terms. The landlord has his option to treat the tenant as a trespasser or as a tenant for another year. But if he takes rent, or otherwise assents to the holding over, then the tenant has the rights of a tenant for another year. (*Schuyler* v. *Smith*, 51 N. Y. 309.) These are technical rules applicable to real estate, which have never been applied to personal property, and so it was held in *Chamberlain* v. *Pratt* (33 N. Y. 47). To the reasoning of that case nothing needs to be added. By using the cars after the expiration of the first term of two years, the plaintiff acquired no new rights. It was always in the power of the defendant to put an end to his occupancy of its cars at any time.

The plaintiff also invokes the doctrine of estoppel *in pais* against the defendant, but I see no basis for it to rest upon. For aught I can see his damage and his embarrassment would have been just as great if it had removed the advertisement from its cars on the 30th day of December, 1880. It did nothing to mislead him. He knew that his contract had

expired, and that he was using the cars at the will of the defendant, and it simply exercised a right which he was bound to know it had.

Therefore, without giving our reasons at greater length, we are of opinion that the judgment is right and should be affirmed, with costs.

All concur.

Judgment affirmed.