JAMES M. THRUSH, BY NEXT FRIEND, Respondent, v. THE CITY OF CAMERON, Appellant.

Kansas City Court of Appeals, April 5, 1886.

1. PLEADING—CAUSE OF ACTION, HOW DETERMINED—CASE ADJUDGED. The cause of action must be ascertained and determined by the allegations of the petition. Recovery can be had upon no other ground. In this case the plaintiff counts *alone* upon the fact that defendant placed, or caused to be placed, a barbed wire across a portion of one of its streets.

2. MUNICIPAL CORPORATIONS — CITIES OF FOURTH CLASS—ACT OF STREET COMMISSIONER—CASE ADJUDGED.—By the statute providing for the organization of cities of the fourth class (Art. 5, Ch. 89, Rev. Stat), of which class is defendant, the entire legislative power is vested solely in the mayor and the board of aldermen, whose acts are evidenced alone by ordinance duly enacted; and without which the corporation is not bound, even where it has power to act. The act of the street commissioner (in this case) sanctioned by the mayor, had no more binding force, as the act of the city, than that of any other person. It was not the act of the city.

APPEAL from Clinton Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

WILLIAM HENRY, for the appellant.

I.   The governing body of a city of the fourth class is the mayor and the board of aldermen (sect. 4940, Rev. Stat.) and their power over the streets is a legislative power, the necessity and expediency of the exercise of which they are the judges.   2 Dill. Mun. Corp. (3 Ed.) sect. 680, 686.   Hence, what the street commissioner did, under the direction of the mayor, if a legal wrong, was that of the mayor and commissioner, and they alone are liable.   *Rowland v. City of Gallatin*, 75 Mo. 134 ; *Thompson v. Boonville*, 61 Mo. 282 ; *Hillsdorf v. St. Louis*, 45 Mo. 94.

II.   Liability, on the part of cities, springs from the duties enjoined upon them ; the mere wrongful acts of those other than the governing body, in causing obstructions, cannot render the city liable.   2 Dill. Mun. Corp. (3 Ed.) sects. 666, 967 ; *Armstrong v. Brunswick*, 79 Mo. 319 ; *Bassett v. St. Joseph*, 53 Mo. 290 ; *Bowie v. Kansas City*, 51 Mo. 454 ; *Loewer v. Sedalia*, 77 Mo. 431 ; *Bonine v. City of Richmond*, 75 Mo. 437.

III.   Since, to recover for injuries from dangerous streets, *negligence* must be the basis of the action, liability cannot spring from the mere erection of a nuisance.   *Bonine v. City of Richmond, supra;* 2 Dill. Mun. Corp. (3 Ed.) sects. 1018, 1025.

IV.   Municipal corporations are only bound to keep such streets in repair as are necessary for the use of the traveling public.   *Craig v. Sedalia*, 63 Mo. 477 ; *Bassett v. St. Joseph*, 53 Mo. 290.

V.   Damages which are not the natural and proximate consequence of the act complained of, cannot be recovered.   *Clemens v. Railroad*, 53 Mo. 366 ; *Lake v. Milliken*, 62 Me. 240.

Roland Hughes and J. F. Harwood, for the respondent.

I.   A municipal corporation has no more right to erect or maintain a nuisance than a private individual has.   It may become necessary to place obstructions upon the sides of a street for the purpose of preparing the traveled path, by the removal of trees, stones, or the like.   Beyond this sort of work all obstructions are nuisances.   *Johnson v. Whitfield*, 18 Maine, 286.   Any obstruction in a street which tends to annoy persons living upon or near it, which renders it more difficult of passage, and increases the danger of injury to persons or property, from collision of carriages, or other causes, is a nuisance.   *State v. Mayor, etc., Mobile*, 5 Porter (Ala.) 279; *Dygert v. Schenck*, 23 Wend. (N. Y.) 445.

II.   The defendant's instructions were rightfully refused.   They were all based on the claim that the city had the right to close up part of the street, and inclose it with a dangerous barrier, if there was enough of the street left open for people to pass along.   These instructions are pregnant with legal heresy as to *negligence*.

III.   The case was fairly tried.

IV.   The cases cited by defendant are either inapplicable, or sustain the claim of plaintiff.

Philips, P. J.—This is an action to recover damages against the defendant municipal corporation for erecting a barbed wire across a portion of one of its streets, against which the plaintiff, a minor, ran his face, and was injured.   The plaintiff recovered judgment, from which the defendant prosecutes this appeal. .

This judgment is sought to be sustained in argument at this bar by respondent's counsel, on two theories: first, that the city erected the barbed wire on a part of its street, which was a dangerous nuisance, and is, therefore, answerable for the injury done the plaintiff by running against the same, without fault on his part; and,

second, that the wire, being an obstruction in the street, and a dangerous nuisance, the defendant negligently suffered the same to so remain, whereby the plaintiff was injured, etc.

The cause of action, of course, must be ascertained and determined by the allegations of the petition. Recovery can be had upon no other ground. *Duncan v. Fisher*, 18 Mo. 404; *Irwin v. Chiles*, 28 Mo. 576-8; *Harris v. Railroad*, 37 Mo. 310; *White v. Rush*, 58 Mo. 105; *Newham v. Kenton*, 79 Mo. 382.

It is quite clear, from the whole scope and tenor of the petition that plaintiff counts alone upon the fact that defendant placed, or caused to be placed, the wire on the street. It is distinctly averred, "that on or about August, 1883, the defendant caused to be placed a row of posts," etc., * * * "that afterwards, on or about the ――― day of September, 1883, the defendant, in disregard of injury to persons passing along said street, and heedlessly disregarding the safety of such persons, fastened, or caused to be fastened, and permitted to be fastened, the end of a twisted strand," etc., "thus making a barrier across said passage way, obstructing a portion of said street." It is then averred that this wire was a dangerous nuisance, and that plaintiff ran against it, and was injured, wherefore, etc.

To maintain the issue thus tendered it, therefore, devolved on the plaintiff to prove that defendant placed, or caused to be placed, said wire, as alleged, whereby the injury resulted. What is the proof? It is merely that the street commissioner so placed the wire, and that he said that he was directed thereto by the mayor of the city. There was no proof of the existence of any ordinance respecting this matter, nor of any defining the duties and powers of the street commissioner. Was this sufficient to bind the city? or, in other words, did this proof sustain the averment that the city—the corporation—did it? It is conceded by both parties in argument that defendant is a city of the fourth class, under our

statute. Art. 5, ch. 89, Rev. Stat. By this statute the entire legislative power is vested solely in the mayor and board of aldermen, whose acts are evidenced alone by ordinance duly enacted. Without which the corporation is not bound, even where it has power to act. *Rowland v. City of Gallatin*, 75 Mo. 134, and cases cited ; *Stewart v. Town of Clinton*, 79 Mo. 603; *Worth v. City of Springfield*, 78 Mo. 107; *Rumsey Mf'g Co. v. Schell City, ante*, 175.

The act of the street commissioner, sanctioned by the mayor, in the absence of an ordinance, had no more binding force, as the act of the city, than that of any other person. It was not the act of the city. Authorities, *supra.*

The allegation of the petition was not sustained, and the instruction asked by defendant, in the nature of a demurrer to the evidence, should have been given,

The court, on the contrary, instructed the jury throughout on the theory that the act of the street commissioner, under the direction of the mayor, was the act of the city, and bound it. This was error.

It is not necessary to discuss the other question, raised by respondent on this hearing, as no such issue can arise under this petition.

The judgment of the circuit court is reversed, and the cause is remanded. All concur.