J. M. Crutchfield, Appellant, v. The City of Warrensburg, Respondent.

Kansas City Court of Appeals, April 23, 1888.

1. Municipal Corporations—Cities of Fourth Class—Powers of, Where Vested—Contracts of, how and When Binding.—In the case of a city of the fourth class under the Revised Statutes, the whole legislative powers are vested in the mayor and aldermen. Their acts, as a municipal body, are evidenced by ordinances duly passed, without which the corporation is not bound even where it has power to act in the matter.

2. ———— Limitation of Liability of Under Section 5360, Revised Statutes.—The statute (Rev. Stat., sec. 5360) restricts counties, cities and towns to contracts within the scope of their powers and expressly authorized by law, and prescribes the character of consideration and formalities of the contract, all required to be in writing. The purpose was to exclude implied contracts and restrain officials from inconsiderate engagements. "The law will not make that valid without a writing which the law requires should be in writing." From a void contract no cause of action can arise, whether of *quantum meruit*, or one sounding in damages.

3. ———— Charter Prescribing Formalities as Conditions—Effect of.—Where a statute or a charter, binding on the city, has committed a class of acts to particular officers or agents, other than the governing body ; or where it has prescribed certain formalities as conditions to the performance of any description of corporate business, the proper functionaries must act and the designated forms must be observed ; and, generally, no act of recognition can supply a defect in these respects. It requires the act of the same body to ratify as to contract in the first instance, and by some such formal mode of record.

Appeal from Johnson Circuit Court, Hon. Charles W. Sloan, Judge.

*Affirmed.*

The case is stated in the opinion.

J. M. Crutchfield, for the appellant.

I.   Where one person renders  services for another, that are of benefit to and accepted by the other, the law

imposes upon the latter an obligation to render to the former a reasonable compensation for the value of the services. Bish. on Cont. [Enlarged Ed.] secs. 217, 219, 238, and cases cited.

II. The law creates and implies contracts against corporations, the same as other persons. Bish. Cont., sec. 1020; 2 Field's Briefs, secs. 211–14; *Gas Co. v. San Francisco*, 9 Cal. 453; *Building Society v. Crowell*, 65 Ill. 458; *White v. Franklin*, 22 Pick. [Mass.] 181; *Parrish v. Wheeler*, 22 N. Y. 494.

III. Where the services are fully performed by plaintiff, and nothing remains but a duty on defendant's part to pay the price agreed upon, plaintiff is not bound to sue on the written contract, but may sue on the common counts in *assumpsit*. *Stout v. St. Louis Tribune Co.*, 52 Mo. 342.

IV. A statute requiring contracts to be in writing does not extend to implied contracts. Bish on Cont., secs. 193–9.

V. A party receiving the benefit of services rendered under an oral contract, even though required by law to be in writing, must pay for them. *McConnell v. Braner*, 63 Mo. 461; *Hoyle v. Bush*, 14 Mo. App. 408; Bishop on Cont., sec. 1283.

VI. If a corporation's attorney, after his term of office has expired, continues in the management of a case in which the corporation is interested, without objection from, and with the knowledge of, the corporation and his successor, he may recover for his services. Dill. on Mun. Corp. [1 Ed.] sec. 399.

VII. If services beneficial to a municipal corporation are accepted by express corporate action, the corporation is liable. Dill. on Mun. Corp. [1 Ed.] secs. 383–4. And strong evidence of its assent is not required. *Ib.*, sec. 386.

VIII. The statute of frauds, to be of any avail, must be specially pleaded. *Donaldson v. Newman*, 9 Mo. App. 285.

JOHN J. HYER, for the respondent.

I.   The city is not liable on *quantum meruit* for attorneys' fees. *Woolfolk v. Randolph Co.*, 83 Mo. 501; *Wolcott v. Lawrence Co.*, 26 Mo. 275; Const. 1875, art. 4, sec. 48; Rev. Stat., 1879, sec. 5360.

II.   The mayor and city attorney cannot bind the city. *Thrush v. City*, 21 Mo. App. 394; *Keating v. Kansas City*, 84 Mo. 416.

III.   The board of aldermen cannot act by resolution. They must act by ordinance. Therefore, their resolution paying for appellant's brief was no ratification. Rev. Stat., secs. 4939, 4944; *Rumsey Mfg. Co. v. Schell City*, 21 Mo. App. 175.

IV.   One contracting with or performing services for a municipal corporation, does so at his peril, and must take notice of the powers of the agents with whom he contracts. *Cheeney v. Brookfield*, 60 Mo. 53; *Mister v. Kansas City*, 18 Mo. App. 217; *Keating v. Kansas City*, 84 Mo. 416.

V.   As to ratification: *Woodruff v. Railroad*, 10 Cent. Rep. 442.

VI.   There can be no equitable estoppel. The board of aldermen act ministerially, and its acts do not estop the corporation. They bear the same relation to the city that the county courts do to the county. *Sturgeon v. Hampton*, 88 Mo. 203.

VII.   It devolved on plaintiff to plead and prove a contract, *i. e.*, an ordinance. *Given v. Van Studdiford*, 86 Mo. 149.

PHILIPS, P. J.—This action was instituted in a justice's court, and based on an account for services rendered by plaintiff to said city, as an attorney in the case of *City of Warrensburg v. Simpson*, reported in 22 Mo. App. 695. The plaintiff recovered judgment in the justice's court, and the defendant appealed to the

circuit court. In the latter court the cause was submitted to the court, without the intervention of a jury, on the following agreed statement of facts:

"It is agreed and stipulated by and between the parties aforesaid that the following are the facts in the above entitled cause:

"1. That defendant is a city of the fourth class under the general laws of Missouri.

"2. That plaintiff was city attorney for defendant from the twelfth day of April, 1885, until the twentieth day of April, 1886.

"3. That at the —— term of the Kansas City Court of Appeals, and on the seventh day of March, 1886, this plaintiff as such city attorney entered an appearance in such court of appeals in a cause in which said city was plaintiff and appellee, and Robert Simpson *et al.* were defendants and appellants, and consented to a continuance of said cause until the —— day of May, 1886.

"4. That at said —— day of May, 1886, said plaintiff, his time of office having then expired, entered his appearance, filed his brief, and rendered the service usual for attorneys in said court, for which he now brings this suit to recover a reasonable fee.

"5. That said amount claimed, to-wit, twenty-five dollars, would be a reasonable fee for the services rendered in the cause, if plaintiff is entitled to recover.

"6. That after the rendition of said services, and on the —— day of June, 1886, the mayor and board of aldermen of said city by resolution ordered a warrant drawn in favor of Baldwin, Richards & Company, for the sum of —— dollars, which sum included, among other things, payment to said firm for printing the brief of plaintiff in said cause of the *City v. Simpson.*

"7. That on the —— day of August, 1886, plaintiff presented to the mayor and board of aldermen his account for fees for said services, and payment thereof was refused.

"8.   That said cause of said city against Simpson *et al.* was a cause originating in the mayor's court of said city of Warrensburg, during the term of office of this plaintiff, wherein said defendant Simpson was fined in the sum of ———— dollars; that under the ordinance of said city a fee of two dollars and a half was taxed in favor of the plaintiff herein; that said cause was thereupon appealed to the Johnson criminal court, and the defendant Simpson was therein fined five dollars and costs, including an additional fee of five dollars taxed in favor of this plaintiff, the city attorney; that the decision in the court of appeals aforesaid, reported in volume ——, page ——, Court of Appeals Reports, and made a part hereof, affirmed the decision of the said criminal court; and that thereupon and since the institution of this suit, on the thirtieth day of November, 1886, said fine was collected by the then mayor of said city defendant; that the city board of aldermen paid for the printing of the brief (a copy of which is herewith filed) knowing that plaintiff had made the same after his term of office had expired; that plaintiff has never been paid for attending to the case in the court of appeals; that he attended to the case at the request of the mayor and city attorney; that plaintiff turned over to his successor all papers in said cause when his term ended, and that he was afterwards requested to prepare the brief and attend to this cause in the court of appeals; that the continuance of the case in the court of appeals was consented to as a matter of professional courtesy to S. P. Sparks, appellant's attorney, who had not time to attend to his side of the case at that time; that all services sued for in this case were rendered after plaintiff's term of office as city attorney ended, but that the mayor and city attorney claim that when they so requested plaintiff to conduct said case they did so as a matter of courtesy to plaintiff, and in so doing did not attempt or expect to bind the city herein, while plaintiff claims he had no notice of their said plan or intention not to bind said city. The parties to the above

case by their attorneys agree that the foregoing are all the facts in the above cause, reserving expressly the right to object to their competency and relevancy and all references as to their legal effect."

The court held that plaintiff was not entitled to recover, and rendered judgment accordingly, from which plaintiff has appealed.

The agreed statement of the facts is equivalent to a special verdict. The only question is as to the law arising on the admitted facts.

The defendant is a city of the fourth class under the Revised Statutes. The whole legislative powers are vested in the mayor and aldermen. Their acts, as a municipal body, are evidenced by ordinances duly passed; without which the corporation is not bound, even where it has power to act in the matter. *Thrush v. City of Cameron*, 21 Mo. App. 394; *Rumsey M'f'g Co. v. Schell City*, 21 Mo. App. 175.

There is no pretense that the governing body of the defendant city, either by ordinance, resolution, or other official act authorized the employment of plaintiff prior to the performance of the service by him. He acted at the request of the mayor and the incoming city attorney. This was not sufficient to bind the city. *Thrush v. City of Cameron, supra; The Board of Commissioners of Cass County v. Ross*, 46 Ind. 404; *McDonald v. Mayor*, 68 N. Y. 23. Not even if a majority of the board had sanctioned it. *Butler v. City of Charleston*, 7 Gray, 15, 16. Plaintiff, with much plausibility of argument, seeks to avoid the force of these rulings by two suggestions: (1) That he does not sue for the enforcement or breach of an express contract made with the defendant city, but for a *quantum meruit* on an implied contract, for valuable services rendered to and accepted by the city; and (2) that the city ratified his employment by the mayor. By section 5360, Revised Statutes, it is declared that: "No county, city, town, etc., shall be bound or held liable upon any contract, unless the same shall be within the scope of its powers and expressly

authorized by law, nor unless such liability shall be upon a consideration wholly to be performed or executed subsequent to the making of the contract, nor unless the contract, including the consideration, shall be in writing and dated when made and subscribed by the parties thereto, or their agents authorized by law, or duly appointed and authorized in writing."

This statute was first enacted in 1874. Laws of Mo. 1874, p. 44. The history of the times which evoked this legislation can leave no doubt in the mind of one familiar with it, that the controlling purpose inspiring the legislature was to cut off absolutely, among other things, just such claims as the one under consideration. To subject the city to liability for such services, the statute declares affirmatively that the contract must be made and executed in writing prior to the service performed, for it must express the consideration on its face, to be performed or executed *subsequent* to the making of the contract. In *Woolfolk v. Randolph County*, 83 Mo. 506, the court say: "The manifest purpose of the requirement is, that the terms of the contract shall, in no essential particular, be left in doubt, or to be determined at some future time, but shall be fixed when the contract is entered into. This was one of the precautions taken to prevent extravagant demands, and to restrain officials from heedless and inconsiderate engagements. If a person can, without such contract, in the first instance, go on and bind the city as on an implied contract for the value of his services, it would defeat the very object and design of the legislature in enacting said statute. "As said by Earl, J., in *Chase v. Railroad*, 97 N. Y. 389: "The law will not make that valid without a writing which the law requires should be in writing." So Sherwood, J., in *Keating v. The City of Kansas*, 84 Mo. 419, said: "From a void contract no cause of action can arise, whether of *quantum meruit*, or one sounding in damages." And in *McDonald v. Mayor*, 68 N. Y. 23,

Folger, J., said: "How can it be said that a municipality is liable upon an implied promise, when the very statute which contains its corporate life and gives its powers, and prescribes the mode of the exercise of them, says that it shall not, and hence cannot, become liable by an express promise?"

While it is true that in this case there was the inherent power, doubtless, in this corporation to employ counsel for the service rendered by plaintiff, yet the statute has prescribed the manner in which that power must be exercised, and it cannot be exerted otherwise.

In *Peterson v. Mayor*, 17 N. Y. 449, Denio, ·J., said: " Where a statute or a charter binding on the city corporation has committed a class of acts to particular officers or agents, other than the governing body, or where it has prescribed certain formalities as conditions to the performance of any description of corporate business, the proper functionaries must act, and the designated forms must be observed, and generally no act of recognition can supply a defect in these respects." It requires the act of the same body to ratify as to contract in the first instance, and by some such formal mode of record. *Johnson v. School District*, 67 Mo. 321.

The only act of the corporation relied on by plaintiff as a subsequent recognition of his services, is the fact that the board drew a warrant in favor of the printer for printing plaintiff's brief for submission in this court in the said case of *City of Warrensburg v. Simpson*. That was nothing more than the recognition of defendant's obligation to the printer. It was not even an implied recognition of any service performed by the hand and brain that constructed the brief, much less a promise to pay for that.

The laborer may be worthy of his hire; and the service rendered by plaintiff to the city no doubt was valuable to it, and the fee claimed is reasonable; but we are without power to enforce mere moral precepts in contravention of positive statute.

The judgment of the circuit court must be affirmed. All concur.