HARKNESS & RUSSELL, Appellants, v. CITY OF INDE-
PENDENCE, Respondent.

Kansas City Court of Appeals, February 19, 1894.

Municipal Corporations: FOURTH CLASS CITY NOT LIABLE FOR BRIEFS, ETC. A fourth class city is not liable for briefs, abstracts, printing, etc., used in prosecuting an appeal in the supreme court in a case brought by contractors in the city's name against abutting property holders for grading the streets in such city.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

A city attorney has power to appeal from a judgment against the city and to prepare the necessary

steps for taking the appeal. *Connett v. Chicago*, 114 Ill. 233; Mechem on Agency, sec. 812; Weeks on Attorneys, sec. 218. An attorney has power to get necessary briefs printed at his client's expense. *Williamson, etc., Paper Co. v. Bosbyshell*, 14 Mo. App. 534; Mechem on Agency, sec. 812, p. ——; Weeks on Attorneys, sec. 218. An attorney has the right to employ a subordinate. Mechem on Agency, sec. 815. Appearance of the subordinate as counsel, implies that he simply assisted the city attorney. Weeks on Attorneys, sec. 30. The record shows the city attorney appeared in the supreme court. *Independence v. Gates*, 110 Mo. 374. And it will be presumed he did his duty. *Harper v. Jacobs*, 51 Mo. 296.

*Albert M. Ott* for respondent.

(1) A city of the fourth class, under Revised Statutes, 1879, acts only by ordinance duly passed by its board of aldermen. *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Schell City v. Rumsey*, 39 Mo. App. 269. (2) A city attorney of a city of the fourth class, under Revised Statutes, 1879, cannot employ a subordinate or an assistant. *Crutchfield v. Warrensburg, supra.* Those who deal with the officers of a city must ascertain, at their peril, what they will be conclusively presumed to know—that officers of the city are acting within the limits of their powers. *Cheeney v. Brookfield*, 60 Mo. 52; *Mister v. Kansas City*, 18 Mo. App. 217; *Vaile et al. v. City of Independence.* (3) There was no contract between attorney Laughlin and respondent city authorizing him to represent the city or to assist the city attorney. No contract can be implied. *Crutchfield v. Warrensburg, supra;* Revised Statutes, 1879, secs. 5350, 5351; Revised Statutes, 1889, secs. 3157, 3158. (4) A volunteer, by his actions, cannot bind a munici-

pality. The services rendered by Mr. Laughlin, as well as the expenditures made by him, were voluntary, and the expenditures cannot be recovered. *Savings Institute v. Ensline*, 46 Mo. 200; *Campbell v. Clay*, 44 Mo. App. 253. (5) Appellants were bound to know that the contract with Ash & Gentry was *ultra vires* of the charter of the city, and that their tax bill was invalid. *City of Independence v. Gates*, 110 Mo. 374; *Saxton v. City of St. Joe*, 60 Mo. 160; *Carroll v. City of St. Louis*, 4 Mo. App. 194.

GILL, J.—In 1887, Independence, then a city of the fourth class, let a contract to Ash & Gentry for grading a certain street, the cost thereof to be paid by abutting property owners, and the city not to be liable in any event. On the alleged completion of the work, tax bills were issued to Ash & Gentry, and a portion thereof were purchased by the plaintiffs who took an assignment from the contractors, Ash & Gentry.

The property owners failing to pay, Harkness & Russell employed L. A. Laughlin, an attorney, to collect the bills, by suit or otherwise. Thereupon Mr. Laughlin, being nominally joined by the city attorney of Independence, instituted a test suit in the circuit court, brought in the name of said city. The tax bills were there defeated, and the case was appealed to the supreme court, where the judgment of the lower court was affirmed. *Independence v. Gates*, 110 Mo. 384.

In the preparation of the case for trial in the supreme court, Mr. Laughlin, plaintiff's attorney, secured abstracts to be printed, copies of ordinances and transcript of testimony to be made out, etc., and plaintiff's thereafter paid such bills, taking an assignment to themselves of such accounts. Plaintiffs then requested the city to pay these respective accounts,

which was refused and this action was brought. On a a trial by the court below, without the aid of a jury, defendant had judgment, and plaintiffs appealed.

We can discover no theory of law or justice that will permit plaintiffs' recovery. The suit on the tax bills, though nominally in the name of Independence, was, in truth and substance, the action of Harkness & Russell. They were the beneficiaries, and the city was at most, only the trustee of an express trust. Mr. Laughlin did not represent the city, and could not by any arrangement he might make with the city attorney. The city attorney could not at the expense of the municipality, employ an assistant, unless authorized so to do by the governing body. *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Young v. Crawford*, 23 Mo. App, 432; Mechem on Agency, sec. 813.

And no such authority was given by the city. Since, then, Independence could not be held to pay the plaintiffs' counsel fees, earned in suit on the tax bills, there can be no claim for his expenses in prosecuting the action.

There is no merit in plaintiffs' case, and the judgment of the lower court, which was for the defendant, will be affirmed. All concur.