(52 Misc. Rep. 236)

SCHOTT v. LA COMPAGNIE GENERALE TRANS–ATLANTIQUE.

(Supreme Court, Trial Term, New York County.   December, 1906.)

1. MASTER AND SERVANT—CONTRACT OF EMPLOYMENT.

On the expiration of a contract for services for two years, if the employment continued without any new agreement, the term thereof is indefinite, and either party has a right to terminate it at any time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 11.]

2. SAME—EMPLOYMENT BY MONTH.

An employer wrote to his employé:  "Your salary at the present time of Fr. 1100 per month has been increased to one thousand one hundred and

sixty-six francs and sixty-five centimes." *Held* that, where the employé accepted the increased salary, a new contract of employment by the month is shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 10, 11.]

**3. SAME—WRONGFUL DISCHARGE.**

Where a rule of an employer provided for an indemnity for an employé in case of dismissal equal to one month's pay, the employé was entitled to receive the same in addition to his salary for the month during which he was wrongfully discharged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 50, 52.]

Action by William H. Schott against La Compagnie Generale Trans-Atlantique. Judgment for plaintiff.

E. R. Levitt, for plaintiff.

Edward K. Jones, for defendant.

BLANCHARD, J. The plaintiff sued the defendant to recover damages for breach of contract of employment. The case came on for trial before a court and jury, and the court submitted to the jury the single question whether or not the plaintiff had been discharged for cause, and the jury found as matter of fact that he was not. It appears that the plaintiff entered the employment of the defendant at an early age, and in 1884 made a contract with the defendant for a period of 17 years. Differences arose between the plaintiff and the defendant, and on February 28, 1889, a new contract was entered into between them, whereby the differences were adjusted, and providing for the employment of plaintiff by defendant for a period of two years, beginning on the 1st of January, 1890, and continuing until the 31st day of December, 1891, at a monthly salary of $200, payable monthly. After the expiration of that contract he continued in the employment of the defendant without making any new express agreement until the 15th day of November, 1897, when he was notified that his services would be no longer required. Paragraph 3 of the 1889 agreement provides as follows:

"Third. The party of the first part hereby agrees to pay to the party of the second part as salary and compensation for his services during the said period the sum of $200 per month, payable at the end of each month, and also such further compensation by percentage or dividend or commission as the party of the first part shall during said period pay or allow to its other agents or employés proportionate to the respective salaries and services, according to the rules of the party of the first part."

On April 6, 1895, the defendant informed the plaintiff by letter that his salary had been increased by $33.33 per month. The plaintiff accepted the increase of salary, and continued to receive such increase while in the employment of the defendant. The plaintiff admits the receipt of salary up to the end of November, 1897. The contention of the plaintiff is that he was wrongfully discharged, and the jury has so found. As items of damage he claims salary for the month of December, 1897, amounting to $233.33, and such further "compensation by percentage or dividend or commission for the year 1897 as would amount to $560.89, and interest on these two amounts." The defendant denies these liabilities, and claims that the plaintiff was employed

by the month, and that it had the right to discharge him at any time with or without cause, and that under the rules of the company the plaintiff was not entitled to share in the further compensation by way of percentage or dividend or commission.

When the contract of 1889 expired by limitation, as it did at the end of 1891, and no new agreement was made, I am of opinion that the term of employment became indefinite, and that either party had a right to terminate it at any time. The law may not imply a contract for a period of two years, as it cannot make that valid without a writing which the law requires should be in writing. The contention of plaintiff that the law implied a contract for one year is not tenable. If the original contract had been for one year, instead of two, the law would presume that the parties had consented to renew the contract for a like period. There can be no such presumption in this case, because the plaintiff was employed for a period of two years, and such a contract must be in writing. See Chase v. Second Ave. R. R. Co., 97 N. Y. 384, 49 Am. Rep. 531. Moreover, I am of opinion that the increase of salary in 1895 which the plaintiff accepted constituted a new contract, and under it the salary was payable monthly. The language of the letter informing the plaintiff of the increase bears out this view. It says:

"Your salary at the present time of Fr. 1100 per month has been increased to one thousand one hundred and sixty-six francs and sixty-five centimes."

That is not the language of a yearly contract, but clearly imports an employment by the month. In the case of Riley v. Mayor, 96 N. Y. 331, 338, it is stated:

"A contract raised by implication may be changed, annulled, or modified by a different state of circumstances authorizing the presumption of a new or different contract."

The plaintiff on the 5th of April, 1895, received a different salary, payable by the month, than he had been before receiving each month, and thereby it would seem that a new or different contract sprang into being between the parties: If the defendant had a right to discharge the plaintiff at any time, he was not entitled to the additional compensation provided for under the rules of the defendant. Rule 5 declares the employés on the regular staff are paid monthly. "They can, moreover, participate in the benefits of any bounties or measures decided by the board of directors in favor of the personnel, nevertheless without its participation constituting a right for them." Had the plaintiff remained in the employment of the defendant, he doubtless would have been the recipient of its bounty, but he cannot claim such bounty as a right. The complaint sets forth a breach of contract and claims damages for the breach.

Article 8 of the defendant's rules declares:

"The employés belonging to the regular staff, in case of dismissal, have a right to the salary for the current month only, and to an indemnity of retirement equal to one month's pay."

I am of opinion that the plaintiff is entitled to this indemnity. He has not specially pleaded it; but I think it is an item of damage which

is covered by the general plea. After careful consideration of the contract between the parties dated February 28, 1889, and the subsequent conduct of the parties after the expiration of such contract, the correspondence of the defendant and the rules of the defendant relating to benefits or bounties, I come to the conclusion that the contract upon which this action was brought was for a monthly hiring, and gave the present plaintiff no right under the circumstances to a benefit or bounty, nor to any compensation beyond the month during which he was discharged, and an extra month's salary allowed to discharged employés as an indemnity under the rules of the defendant, and that the only amount owing by the defendant therefor is an extra month's salary.

Judgment accordingly.