SRYGLEY *v.* CITY OF NASHVILLE.

(*Nashville*, December Term, 1939.)

Opinion filed January 20, 1940.

JOHN C. ASKEW and A. J. GRIGSBY, JR., both of Nashville, for plaintiff.

C. G. BLACKARD, W. C. CHERRY, and E. C. YOKLEY, JR., all of Nashville, for defendant.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit to recover damages for breach of contract. Plaintiff, under a written contract, served defendant as superintendent of its schools from September 1, 1930, to September 1, 1935, at a monthly salary of $600. Plaintiff, at the expiration of the five-year period without any new contract, continued to serve defendant in the same capacity until December 27, 1937, when he was summarily discharged without notice or trial. Plaintiff insists that under the foregoing facts his contract, by operation of law, was renewed for an additional five-year term. We infer from the declaration that plaintiff was paid for his services up to the time that he was discharged.

The general rule is thus stated in 39 C. J., 49:

"Where one enters into the service of another for a definite period, and continues in the employment after the expiration of that period, without any new contract, the presumption is that the employment is continued on the terms of the original contract."

The rule is thus stated by the editor of Ann. Cas., 1918B, 1176:

"It is generally held that where one is employed by another for a definite and fixed period, and is permitted to continue in the same service after the expiration of the period limited by the original employment, it is presumed in the absence of anything to show a contrary intention that the continued services are to be rendered for the same period as that fixed by the original agreement."

Many cases are cited in support of the foregoing texts. An examination of those cases, however, discloses that in nearly every instance the court was considering a case where the original contract was for a year.

In Labatt's Master & Servant (2 Ed.), Vol. 1, p. 464, it is said:

"Where an employee originally hired for a year is allowed to go on working after the end of the term, he is deemed to be serving under a new contract for another year, which results by operation of law from the continuance of the employment, and does not come into force until the beginning of the second year. An implied contract of this description, therefore, does not fall within the terms of the statute." (The author has reference to the Statute of Frauds.)

In *Standard Oil Co.* v. *Gilbert & Co.*, 84 Ga., 714, 11 S. E., 491, 492, 8 L. R. A., 410, a case which counsel for plaintiff cite in their brief, it is said:

"And, where the term of employment does not exceed one year, the authorities seem to us decisive that the prior contract is renewed or continued for an equivalent time, as well as at an equal rate."

Numerous decisions to the same effect could be cited. In the above case the court also quoted approvingly from Fraser, Master and Servant 58 (a Scotch authority), as follows:

"Tacit relocation is a doctrine borrowed from the Roman law. It is a presumed renovation of the contract from the period at which the former expired, and is held to arise from implied consent of parties, in consequence of their not having signified their intention that the agreement should terminate at the period stipulated. . . . Though the original contract may have been for a longer period than one year, the renewed agreement

can never be for more than one year, because no verbal contract of location can extend longer.''

██ We have been cited to no authority, and have found none, holding that where the original contract was for more than a year, and the employment continues without a new contract, that it will be presumed the employment is continued for a like term. Such a presumption would run counter to the Statute of Frauds, section 7831 of the Code, which provides:

''No action shall be brought: . . .

''(5) Upon any agreement or contract which is not to be performed within the space of one year from the making thereof;

''Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized.''

In *Chase* v. *Second Avenue Railroad Company*, 97 N. Y., 384, 49 Am. Rep., 531, the court had under consideration a contract which gave plaintiff the exclusive privilege of placing advertisements in defendant's cars for two years from December 30, 1876. After the expiration of that time, without further agreement, the plaintiff continued to place advertisements in the cars, making the like monthly payments, until May 1, 1881, when the defendant refused to allow him to do so any longer. The plaintiff instituted the suit to recover damages. The court, in denying a recovery, said:

''The written contract between the parties amounted either to a license or to a lease (it is unimportant to determine which), to use the defendant's cars, personal property, for a certain purpose. The law did not imply a renewal of the contract for a term of two years, because

such a contract which was not to be performed, and could not be performed within one year, not being in writing, was void under the Statute of Frauds. The law will not imply an unwritten contract which the parties themselves could not make without writing.''

Also, in *Schott* v. *La Compagnie Generale Trans-Atlantique*, 52 Misc., 236, 102 N. Y. S., 901, it was held by the Supreme Court of New York that on the expiration of a contract for services for two years, if the employment continued without any new agreement, the term thereof is indefinite, and either party has a right to terminate it at any time.

The question here involved was raised by demurrer, which was sustained by the trial court and the suit dismissed.

We find no error in the judgment of the trial court and it will be affirmed.