CINEFOT INTERNATIONAL CORP., Respondent, *v.* HUDSON PHOTO-GRAPHIC INDUSTRIES, INC., Appellant, et al., Defendants.

First Department, February 21, 1963.

*Wm. Peyton Marin* for appellant.

*Emanuel Eschwege* for respondent.

*Per Curiam.* The corporate defendant moved at Special Term for judgment on the pleadings. It appears that the plaintiff and the appellant entered into an oral contract in October, 1957, the

contract to run for a period of one year beginning January 1, 1958. The contract was fully performed on both sides and the parties continued their relationship through 1959 and into 1960. By the terms of the agreement plaintiff handled all of defendant's export business. In April, 1960, defendant notified the trade that it would handle its own export business, thereby terminating the arrangement between the parties. Plaintiff sues for what it would have earned for the balance of the year. The defense, as far as this motion is concerned, is that the Statute of Frauds bars recovery.

There is no dispute but that the original contract was void because of the statute. Plaintiff, however, relies on the following contentions: that there being full performance of the original agreement, it escapes the ban of the statute; and that successive renewals for a period of a year can be inferred from the conduct of the parties. This is met by the proposition that such an automatic renewal would be for the same period as the original agreement and hence itself void (*Chase* v. *Second Ave. R. R. Co.*, 97 N. Y. 384). Plaintiff seeks to distinguish *Chase* on the ground that there the original contract was for two years whereas here the contract was in terms for one year but the year of reckoning was to commence at a later date, and relies on what is claimed to be an analogous situation in *Adams* v. *Fitzpatrick* (125 N. Y. 124). This case involved a master and servant relationship and the court concluded that because the original agreement was fully performed there was a hiring for a term and, according to well-known principles in actions by a servant for salary, such hiring carries with it an automatic renewal from year to year, and an intent to renew for the yearly period can be found from the conduct of the parties in continuing the relationship beyond the annual expiration date. That is the basis of decision, as the court regarded the original contract as one for 13 months. The ruling is strictly confined to agreements in which the master and servant relationship is the basis of the contract (*Adams* v. *Fitzpatrick*, p. 127 *et seq.*).

Plaintiff does not appear to dispute this seriously but seeks to bring itself within the holding by virtue of the allegations of its complaint. It is true that the complaint uses terms suitable to a master and servant situation. Thus, it alleges that plaintiff was " employed " as " export manager." The use of these words is, however, not conclusive. A contradictory allegation is that plaintiff was to be compensated by allowing it a discount on all purchases it made over and above discounts granted to distributors. This bespeaks a relationship quite different from a hiring. Furthermore, and conclusively, plaintiff is a corpora-

tion. As such, it may perform services, but it cannot become a servant. It must by virtue of its structure have a different relationship. There is difficulty in stating the exact term to be used in defining that relationship. The word "servant" is losing the connotation it had in earlier days and older decisions, possibly because as a word of usage rather than a word of art it connoted a menial and its use was distasteful. (The same fate may be due for "infant" when applied to a minor above the age of factual as distinguished from legal infancy.) The American Law Institute has coined the expression "non-servant agent" (see Restatement, Agency 2d, § 2 [1958]), and it is quite clear that one within that definition would not occupy the position or have the relationship which would give his contract of employment the feature relied on by plaintiff.

The order should be reversed on the law and the motion granted, with costs to the appellant.

EAGER, J. (dissenting in part). I concur in the dismissal of the complaint but would give leave to replead. In my opinion, a contract, such as alleged in the complaint, could be renewed by implication for the period of one year. The question here, as in every such implied contract case, is whether or not it is the reasonable inference, from the conduct and actions of the parties, that they agreed in fact to renew a previously existing one-year contract for a like period of time and upon the same conditions. But the complaint here does not, in my opinion, plead facts and circumstances sufficient to establish that it was impliedly agreed between the parties that this particular contract should be renewed for another full year commencing the first day of January, 1960. If such facts and circumstances do exist, plaintiff should be given an opportunity to plead the same.

RABIN, J. P., McNALLY and STEUER, JJ., concur in Per Curiam opinion; EAGER, J., dissents in part in opinion in which VALENTE, J., concurs.

Order, entered on September 20, 1962, reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted, with $10 costs.