*Skinner vs. Henderson.*

## SKINNER vs. HENDERSON.

1. An action will lie to recover back money paid under an illegal agreement, at any time before the agreement is executed.

2. A deed having been made for the performance of an illegal contract, by consent of parties, is destroyed before the contract is performed with a view to its rescission. In an action to recover back money paid under the contract, evidence of the contents of the deed may be given.

## ERROR to Platte Circuit Court.

STRINGFELLOW, *for Plaintiff in Error :*

It is insisted that the Court erred in excluding the evidence offered by plaintiff. The action being for money had and received, not only was the copy admissible to show the contract, but the evidence of Mrs. Bywaters was clearly admissible to show the rescission of the contract. The receipts were unquestionably evidence, as was the evidence offered to show the cancellation of the contract, and that defendant had not complied with his part of the contract. Assumpsit is the proper action to bring for money had and received under a contract which has been rescinded.

2. The exceptions to the exclusion of the evidence were properly taken. It is shown by the record that they were taken on the trial.

ALMOND, *for Defendant in Error :*

1. The points and grounds set forth by the plaintiff in his motion for a new trial, are not saved and preserved in the bill of exceptions, for reasons:—

I. The bill of exceptions does not show that the plaintiff excepted, *at the time,* to the opinion of the Court in excluding the copy of the bond therein set forth.

II. Said bill of exceptions does not show that the plaintiff excepted at the time to the opinion of the Court in excluding the receipts and other parol testimony therein set forth as offered by plaintiff, and excluded.

III. And the sweeping expressions used in the bill of exceptions towards the close of it twice, "all of which opinions of the Court were excepted to on the trial," "to all of which opinions of the Court in excluding from the jury the said receipts, and the said copy of the said bond, and the said parol evidence so offered as aforesaid, the plaintiff by his counsel excepts," are not sufficient to save those points respectively. For the exceptions may not have been taken at the respective times of the exclusion. Missouri Reports, vol. 5. Waldo vs. Russell, page 387.

IV. The bill of exceptions does not show and set forth as it should, the specific grounds and reasons on which the evidence of the plaintiff was excluded, and the Supreme Court can not therefore say whether the Circuit Court decided right or wrong. Mo. Rep., vol. 8. Fields vs. Hunter, page 128.

V. Where the bill of exceptions is doubtful and ambiguous, the Court will not intend any

thing for the benefit of the party whose duty it was to make the matter plain. Mo. Reports, vol. 2. Collins vs. Browner, p. 158.

2. The action in this case is *assumpsit* on the common counts. And the plaintiff seeks to recover exclusively on the bond once in existence, but before suit brought, burnt and destroyed by defendant, with the consent of the plaintiff, and as he imagined, as a favor to him and for his benefit, by proving or attempting to prove, as I suppose, that defendant had not complied with his part of the bond after he had received the payments therein stipulated.

The defendant contends that the copy of the bond was properly excluded, for the following reasons :—

I. The copy professes to have been signed, sealed and delivered in the presence of John C. Bywaters and Eli Shepherd, as subscribing witnesses. We have no right to infer from similarity of names, that the witness, John C. Bywaters, is the same person who subscribed the deed as a witness, and if we could so infer, he no where proves the execution of the original or even attempts it. Starkie on Evidence, vol. 1, pages (top paging) 320, 323 and 340.

II. If the statement of Bywaters, that plaintiff and defendant placed the original in his possession for safe keeping, be construed to prove an admission by defendant of the due execution thereof, (which under the rules of law can not be so construed,) still the subscribing witnesses ought to have been called, and proved its execution ;—and as there was suspicion strong about the original, both witnesses ought to have been called and examined. Starkie on Evidence, vol. 1, page 320, or their absence accounted for.

III. The plaintiff voluntarily, and without mistake, or accident, destroyed the original, and he thereby deprived himself of the right to produce and use secondary evidence. Starkie on Evidence, vol. 1, top page, 349. Note 1 at the bottom.

IV. The presumption of law and of common sense is violent, that Skinner, having paid the money, and Henderson having complied with his stipulations as set forth in said deed, they met as proved, and mutually destroyed the instrument. The contract therein having been fully consummated. At least, when they destroyed said deed, they destroyed all their rights —and all evidence of those rights, contained in the same.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit on the general counts brought by Skinner against Henderson, in which Skinner submitted to a non suit, and after an unsuccessful motion to set it aside, has brought the cause to this Court.

Henderson, it seems, by deed, leased to Skinner a right of preemption he possessed on the public lands, for the term of ninety-nine years, for a large sum of money. The object of the lease was to evade the act of Congress prohibiting the sale of a preemption right until the issuance of a patent therefor. Understanding afterwards that such an agreement was not valid, the parties mutually consented that the lease should be burned, which was accordingly done, and the contract was considered rescinded by them. In the meantime, Skinner had made large payments to Henderson under the lease, and this suit was brought to recover them. On the trial, a copy of the lease was offered in evidence, and several receipts for money under the contract by Henderson: all these papers

were excluded by the Court, and this action of the Court is the error complained of.

The rule in respect of money paid on illegal contracts appears in general to be, that money so advanced may be recovered in an action for money had and received, while the contract remains executory, because a violation of the law is thereby prevented ; but if the contract be executed, it cannot be recovered back. When both parties are in *pari delicto, melior est conditio de fendenis,* not because he is favored in law, but because the plaintiff must draw his justice from pure sources. B. N. P., 132. Doug. 470.

Here the contract was not executed, the parties availed themselves of the *locus penitentiæ,* and rescinded their bargain, consequently the money paid under it may be recovered. It may be remarked in regard to the refusal to admit secondary evidence of the deed, that it is by no means a matter of course to permit a party to give secondary evidence of the contents of an instrument, although the fact of its destruction is clearly proved. A party who will voluntarily, and without cause, deprive himself of original evidence, will not be permitted to use the secondary. The deed being destroyed with mutual consent of parties, and with a view to rescind an unexecuted contract which they learned was illegal, the authorities will amply sustain under such circumstances the introduction of secondary evidence. Riggs vs. Taplor, 9 Whea. 483. The evidence of the execution of the deed was sufficient to have permitted it to go to the jury.

The bill of exceptions stated, that "*all of which opinions of the Court in excluding from the jury the said receipts and the copy of the bond were excepted to on the trial;*" and it is contended that it does not sufficiently appear from such language that the exceptions were taken at the time the opinions were given. We are of opinion that the bill of exceptions is sufficiently explicit to show that the exceptions were taken at the proper time.

The other Judges concurring, the judgment will be reversed, and the cause remanded.