WOOLFOLK, *Appellant*, v. RANDOLPH COUNTY.

| 83 | 501 |
| 39a | 268 |
| 83 | 501 |
| 60a | 375 |
| 83 | 501 |
| 83a | 329 |
| 83 | 501 |
| 84a | 26 |
| 83 | 501 |
| 99a | [1]488 |

1. **Claim Against County :** CONTRACT : STATUTE.   Revised Statutes
   1879, section 1218, have reference to contracts made by the county in
   its own behalf and for such labor as the county may require in the
   ordinary and usual transactions of its business, and cannot be con-
   strued to include contracts for services performed in the compro-
   mise and settlement of township bonds.

2. ———: ———: COMPROMISE OF INDEBTEDNESS.   A county cannot be
   held liable upon a contract with an individual by the county court
   to compromise and settle the bonded indebtedness of a township,
   unless such contract be in writing, dated when made and subscribed
   by the parties and the compensation thereby fixed in amount or by
   rate.' R. S. 1879, § 5360.

*Appeal   from   Monroe   Circuit   Court.* — HON. THEO.
BRACE, Judge.

AFFIRMED.

*Hollis & Wiley* and *Martin & Priest* for appellant.

Respondent was authorized to compromise township
indebtedness.   Laws 1875, p. 23, §§ 1 to 10 ; Laws 1877,
p. 12, § 11.   This is a power conferred to do a certain
thing ; the means necessary to accomplish the work, if
not specifically laid down in the act, are necessarily im-
plied.   Unless the mode is given the courts use their

discretion. *Aull v. City of Lexington*, 18 Mo. 401; *Page v. St. Louis*, 20 Mo. 136. The power given by Revised Statutes, section 5358, to appoint an agent applies to these cases, and it was in force at the time. Authority is given by section 1 of the act of 1877, to enter into a contract for the compromise, purchase, etc., of these bonds, and this necessarily requires the intervention of an agent and the right to appoint appellant is beyond doubt. 1 Dillon on Mun. Corp., secs. 55, 58; *New London v. Brainard*, 22 Conn. 552; *Stitson v. Kemp*, 13 Mass. 272; *Railroad Co. v. Marion Co.*, 36 Mo. 295; *Walker v. Linn Co.*, 72 Mo. 650, and authorities cited. A written contract signed by appellant was not necessary. This is not a suit on contract. It is for labor, and the irregularities of the contract is no defence. R. S., sec. 1218; *Copp v. St. Louis Co.*, 34 Mo. 383; *Boggs v. Caldwell Co.*, 28 Mo. 586.

*A. H. Waller* for respondent.

(1) A general judgment cannot be rendered against Randolph county in this case. The county court of said county in compromising the indebtedness of said townships did not act as agent for said county. In so doing it was simply performing a duty devolved upon it by the laws of the state, and could exercise such powers only as the legislature invested it with. *Ray County v. Bently*, 49 Mo. 236; *Holt County v. Harmon*, 59 Mo. 165. The legislature conferred no power on the county court to bind Randolph county to pay the expenses of compromising the indebtedness of Sugar Creek township, nor could it have done so, and said county is no more held to pay such expense than it is to pay the original indebtedness of said township. If appellant seeks to obtain a general judgment against said county (and such is his prayer) he is asking the enforcement of a claim against a party in no wise bound to him. If he means to have his judgment made special against the township

of Sugar Creek, or so rendered as to bind that sub-division of the county only, then his petition is insufficient for that purpose. (2) There is no provision in any of the several acts authorizing counties and towns to compromise their indebtedness, in force at the time of appellant's alleged employment, empowering county or municipal authorities to employ and pay such agent, as appellant is alleged to have been. See Laws of 1875, p. 23 and following; also Laws of 1877, pp. 197 and 198. The contract was, therefore, null and void, having been made without express authority of law. Con. 1875, art. 4, sec. 48; R. S., sec. 5360. (3) But, if the services of an agent were nécessary, such agent was provided by law. Laws 1875, p. 23, sec. 1. The county court had no right to appoint an agent of its own choosing, and its act was null and void. *Saline Co. v. Wilson*, 61 Mo. 237; *State v. Shortridge*, 56 Mo. 126. (4) No legal contract is averred or relied upon in the petition and it is insufficient for that reason. R. S., sec. 5360. It is not contended that any such contract as is required by section 5360 was ever made and no recovery can be had for that reason. *Walcott v. Lawrence County*, 26 Mo. 272.

RAY, J.—This is a proceeding begun by appellant in the Randolph circuit court and taken by change of venue to the circuit court of Monroe county. The case was determined upon a demurrer to plaintiff's amended petition which alleged in substance that plaintiff was on the 11th day of April and the 14th day of July, A. D. 1879, appointed by the county court of Randolph county, Missouri, by proper order of record of said court, its agent for and on behalf of said county to compromise and settle the bonded indebtedness of Sugar Creek township in Randolph county, Missouri; by the terms of said order, plaintiff was to have and receive a reasonable compensation for his services. At said time Sugar Creek township had outstanding a legal bonded indebtedness to the amount of ninety five thousand dollars, which, by said order, plaintiff was directed to

proceed to compromise and take up for defendants; the said bonds were issued by said Randolph county on behalf of said Sugar Creek township. For the purpose of compromising and taking up said bonded indebtedness, it was necessary and ordered by the county court of said Randolph county that certain compromise bonds to the amount of fifty thousand dollars be issued and sold in the general market or exchange for said outstanding indebtedness, and the proceeds of any sale be applied to the extinguishment of said indebtedness. Plaintiff, in pursuance of said employment by defendant, and by defendant's direction, expended a vast amount of labor and time in getting the compromise bonds lithographed, registered and sold as required by defendant, all of which plaintiff did; and that he expended time, labor and work in such service, of the reasonable value of $7000 and that the defendant accepted, received and appropriated plaintiff's said labor by order of record and has refused to compensate plaintiff therefor and asks a judgment therefor against the county.

The ground of the demurrer which was sustained by the trial court was that said petition did not state facts sufficient to constitute a cause of action; and the action of the court in this behalf presents the only question now before us. The position of appellant, in the main, is, that this is a suit for labor, within the meaning of section 1218, R. S., and that the same is authorized and governable thereby, and that the petition contains a sufficient statement of facts to entitle the plaintiff to relief. Said section provides that, if a claim against a county, be for work and labor done or materials furnished, etc., the claimant, if he has fulfilled his contract, shall be entitled to recover the just value of such work, labor or material, although the county authorities or agents may not have pursued the prescribed forms in making the contract. The section is applicable, by its terms, solely to contracts made by the county or its authorized agents in its own behalf. It is clear, we think, from the facts

stated in the petition that the county court was acting for the township.

The original bonded indebtedness was, as shown by the petition, the bonds and debt of said Sugar Creek township, and it was this indebtedness of the township which the county court, acting as the financial agent and in behalf of the township, engaged the services of plaintiff to compromise and settle. The county court was acting in this behalf, under the special legislation had upon that subject in said acts of 1875 and 1877, and was engaged in taking up the old bonds of the township and issuing in their stead the new or compromise bonds. The facts as set out, do not seem to us, such as should entitle the plaintiff to a general judgment, as prayed, against the county. Besides said section 1218 was enacted to cover and apply to a different class of labor, and such as the county might require, in the ordinary and usual transactions of its business. Extraordinary agreements and transactions of the magnitude and of the peculiar and distinct character involved here, and connected with, and growing out of the compromise of township bonds, thus authorized as we have said, by said special legislation, were not, we think, intended to be embraced in the provision of said section.

And further, if said section was to be construed to include all classes of labor, as well as manual, and to apply to all sorts of agreements for work, labor or material, it would be in direct conflict and inconsistent with section 5360, R. S., which is the later enactment passed in 1874, and which would and must govern if there is any necessary conflict between them, and they are incapable of being construed so that both may stand. By said section 5360, in the article devoted to the subject of contracts of counties, towns, etc., it is provided, among other things, that no county, city, town, village, school township, school district or other municipal corporation, shall be bound or held liable upon any contract, unless the contract, including the consideration, shall be in writing,

and dated when made, and subscribed by the parties thereto, or their agents, authorized by law, or duly appointed and authorized in writing. As we are led to construe the act, it requires, not only that the contract shall be in writing, dated when made and subscribed by the parties, but that the consideration shall be ascertained and fixed, and where such consideration, as in this case, is for services, such as are described, then the compensation therefor, must, as we think, be fixed in amount, or by rate. The manifest purpose of the requirement is that the terms of the contract shall, in no essential particular, be left in doubt, or to be determined at some future time, but shall be fixed when the contract is entered into. This was one of the precautions taken to prevent extravagant demands, and to restrain officials from heedless and ill-considered engagements. It will be observed that by section 4 of the act of 1875 it is provided, that the general county, city and municipal agent shall, as his compensation, be entitled to a percentage on the amount of debts compromised, as shall previously be agreed upon, not to exceed one tenth of one per cent.

The largest compensation which would have been allowed the general county, city and municipal agent, under the statute, for this work, would have been greatly less than $1,000, whereas, the amount claimed by the plaintiff for the same services, is seven or eight times that amount. We do not mean to say that the county court might not, if duly authorized to employ plaintiff to act as such agent, have lawfully agreed with plaintiff upon a different rate of compensation from that allowed the general agent under the statute, and we assume, upon this demurrer, that plaintiff's services were of the value stated, but we think this difference we have mentioned, shows the wisdom of the statute, requiring the consideration to be first ascertained, agreed upon and expressed in a contract for services of this description.

The petition sufficiently discloses, we think, that the contract sued on did not meet the requirements of the

statute, that it was not in writing, dated and signed, as required, and that the value of plaintiff's services was not agreed upon. The allegation is, that plaintiff was to have a reasonable compensation, which is the compensation the law would ordinarily attach where the parties fail to make a contract price, and this, we think, for the reasons given, was not a compliance with the statute, in this essential particular. *Wolcott v. Lawrence Co.*, 26 Mo. 272, 277.

We deem it unnecessary to discuss the constitutional question, whether there is such a failure in said acts of 1875 and 1877, to expressly authorize the employment of agents like the plaintiff, as to bring his said employment within the provision of art. 4, sec. 48 of our state constitution.

We find no error in the court's action in sustaining the demurrer to plaintiff's petition and its judgment is affirmed. All concur.