L. M. RUMSEY MANUFACTURING COMPANY, Respondent, v. THE INHABITANTS OF THE TOWN OF SCHELL CITY, Appellant.

Kansas City Court of Appeals, March 2, 1886.

21  175
39  267

21  175
f88  288

21  175
95  ¹ 36

21  175
101  ¹161

1. TOWNS AND VILLAGES—POWER TO CONTRACT—CASE ADJUDGED. Where a town is organized under article six, chapter eighty-nine, of the Revised Statutes, as was the case here, its power to contract is derived altogether from section 5010 of said statute, which provides that the "board of trustees shall have power to pass by-laws and ordinances," to do various acts and perform certain functions, this power could only be exercised in such manner as is therein prescribed.

2. ——— FORM AND REQUISITES OF ORDINANCES.—Where the power to pass ordinances is general, and no form is prescribed in which these should be enacted or passed, form is not indispensable, so long as substance is observed. But it must be an enactment in writing, duly adopted by the legislative body and sanctioned by approval of its designated officials. It is not a mere temporary or informal motion. And usually, as in this case, the statute contemplates the recording and publishing of such ordinances.

APPEAL from Vernon Circuit Court, HON. CHARLES G. BURTON, Judge.

*Reversed.*

The case is stated in the opinion.

I. C. HAMBAUGH and SCOTT & HOSS, for the appellant.

I. The defendant has no right to make a purchase of this character, except by ordinance. There was no ordinance passed here, and no attempt to pass any. Rev. Stat., sect. 5010; Dillon Mun. Corp. (3 Ed.) sects. 432, 309, 310.

II. The board acted clearly without authority, and, therefore, could not bind the town. *Johnson v. School*

*Dist.*, 67 Mo. 319·; *Cheeny v. Brookfield*, 60 Mo. 53 ; Dillon Mun. Corp., sect. 266.

III.   If any one is bound in this case it is the individual members who signed the order for the engine.

E. E. KIMBALL, for the respondent.

I.   The power to purchase is only given by necessary implication; and there is neither law nor reason for requiring it to be by *ordinance*, no more than for a plow or spade to keep the streets in repair.

II.   The purchase was authorized at a special meeting of the board of trustees, presumed to have been regularly called, as nothing to the contrary appears. *Hartwell v. Root*, 19 Johns. (N. Y.) 345.

PHILIPS, P. J.—This is an action to recover from defendant the sum of three hundred and four dollars, alleged to be due plaintiff as the balance on the sale of a fire engine.   The first count of the petition is based on a warrant purporting to have been issued to plaintiff by the board of trustees of said town for said sum.   This issue was found for defendant.   The second count alleges that plaintiff, in March, 1883, sold to defendant a fire engine for the sum of seven hundred and ninety-seven dollars, on which defendant had paid the sum of four hundred and ninety-three dollars ; and judgment is asked for the balance of the purchase money.

The answer alleges that whatever amount was paid to plaintiff on said engine was without authority of law, and that the board of trustees had no legal authority for making such purchase.   To maintain its action, plaintiff introduced in evidence the following entry found on defendant's journal of proceedings :

"TOWN HALL, SCHELL CITY, MISSOURI,
"December 6, 1883.

" Special meeting of the chairman and board of trustees of the town of Schell City, Missouri, called for the purpose of appointing a town collector and fixing the

amount of his bond, also for the purpose of considering the purchasing of a fire engine for the use of the town. S. W. Norton in the chair; present T. L. Strong, H. G. Cunningham, and J. L. Higbee. On motion, the chairman of the board of trustees was authorized and directed to purchase a fire engine for the use of the town of Schell City. W. E. Bower was appointed to take charge of the engine upon its arrival, and to have the control and direction of said engine for one year, unless otherwise ordered.

"On motion, the board then adjourned.

"M. F. Brown,  T. L. Strong,

"Clerk.  Chairman, *pro tem.*"

Plaintiff also introduced other evidence of the recognition of said debt by the board of trustees, as by paying part of the purchase money, and issuing the warrant for the residue. On this count the court found the issue for plaintiff, and rendered judgment accordingly. From this judgment defendant prosecutes this appeal.

I. The controlling question in this case is, has the municipal body duly bound itself in this transaction so as to authorize the plaintiff to recover against the defendant corporation? It is conceded that defendant is a municipal corporation, organized under article six, chapter eighty-nine, Revised Statutes. By section 5010 it is provided that the "board of trustees shall have power to pass by-laws and ordinances," to do various acts and perform certain functions. The power to make such a purchase is derived from this section of the statute.

This being so, it is axiomatic that this power can be exercised only in such manner as is prescribed by the creative act. In *Stewart v. City of Clinton* (79 Mo. 603), the same provision, found in Wagner's Statutes, page 1314, was construed. After referring to the appropriate provisions of the statute, the court say : " From all this

it is manifest that whilst jurisdiction over the streets
* * * is conferred on the board of trustees, the
manner of exercising that jurisdiction is just as clearly
defined to be by ordinance and not otherwise.    Unless,
therefore, the acts complained of were ordered by the
defendant through its board of trustees by ordinance, it
was not the act of the corporation, and this, for the
obvious reason that the charter, which is the power of
attorney, clearly places the responsibility of grading,
etc., the streets on the town board, and the initiation of
such work, which would impose a burden upon the con-
stituency, is the exercise of sovereign authority, and
should, therefore, rest in the sound discretion of the
governing authority of the municipality."

So in *Werth v. City of Springfield* (78 Mo. 107), the
court say :   "The defendant can only be held responsi-
ble for the acts of its officers, agents, or servants in chang-
ing the grades of its streets, etc., when such change has
been authorized by ordinance."

We must, therefore, hold that the only method by
which the board of trustees could bind this defendant
for the purchase of this engine, in this form of action,
was by ordinance authorizing the contract of purchase.

The only remaining question to be answered is, did
the board pass such ordinance ?   It may be conceded to
respondent that where the power to pass such ordinances
is general, and no form is prescribed in which these
should be enacted or passed, form is not indispensable,
so long as substance is observed.    It has been held
under statutes requiring an ordinance, where no form
was prescribed, that although the act was denominated a
resolution, or purported by its terms to be a resolution,
yet, if it contained the substance and requirements of an
ordinance, the form of a resolution would not render it
void.    In the *First Municipality v. Cutting* (4 La. An.
335), what was claimed to be tantamount to an ordinance
was as follows :   "Resolved, That after the promulga-
tion of this resolution, any person selling groceries at

the markets shall pay a fine of twenty-five dollars for each and every time he shall violate the ordinance forbidding to sell groceries under the meat and vegetable market."

Even as to such a formal declaration, referring to another ordinance, the court said it was not without difficulty that they reached the conclusion of its legality. After adverting to various provisions of the statute, in which the terms "ordinance" and "regulation" are employed interchangeably, the court say: "Considering, therefore, that the ordinance contained a prohibition with the penalty attached, it was, in fact, a by-law or regulation, and the form made use of in enacting it, did not render it void as such. It was signed by the mayor and no valid objection was made to the power of the council to enact it."

The other case most relied on in support of respondent's contention is that of *Sower v. The City of Philadelphia* (35 Pa. St. 231). The city council consisted of a lower and upper house. The order for opening the street was put in a form of a joint resolution, and was formally passed by both houses, and approved by the mayor. Aside from this it contained all the essential qualities of an ordinance. The court, in upholding it, placed it on the ground that it was approved "by uniform legislative usage in the city government, and by a fair analogy to the constitutional practice of the state legislature. Both joint resolutions are passed by both councils, and approved by the mayor. * * * It is a legislative act, a law, and it matters not whether it be called a joint resolution or an ordinance."

It is apparent that these, and like adjudications, give no countenance to the form of the action of the board in the case at bar. Their act was not even in the form of a resolution. The only recitation of the minutes of the called meeting is, that: "On motion, the chairman was authorized and directed to purchase a fire engine for the use of the town of Schell City." The motion itself does

appear of record.  It was, presumptively, a mere verbal motion.  Its terms, or language, are not set out.  No price for the engine is fixed.  No limitation, restriction, or specification whatever is prescribed.  The minutes of the meeting is all that appears.

To call this an ordinance, in form or substance, is an abuse of statutory terms and limitations.  In short, it is to totally disregard both the letter and the spirit of the law. It is to strike out of the statute the word ordinance, and declare that the board of trustees may purchase an engine without any regard to the manner in which they may so determine.  The general conception of the term ordinance is, that it partakes something of solemnity and formal consideration in its enactment beyond what is implied in a mere motion, made *ore tenus*.  It is supposed to be an enactment in writing, duly adopted by the legislative body, and sanctioned by approval of its designated officials.  Ordinarily it is "defined to be the law of the inhabitants of the corporation or district, made by themselves or the authorized body, in distinction from the general law of the country or the statute law of the particular state."  1 Dillon Mun. Corp., sect. 307.

It partakes of the character of pronouncing, and is, therefore, more solemn and dignified in form than a mere temporary or informal motion.  See *Blanchard v. Bissell*, 11 Ohio St. 96, 103; *City of Central v. Sears*, 2 Colorado 588; *State v. Bayonne*, 6 Vroom 35.

The statute contemplates the recording and publication of the ordinances, of every character, of the town. No one would think of preserving in a journal record, or publishing the minutes of the meeting of the board in question.  It is not in form scarcely to admit of this, any more than any other informal motion of the board.

To uphold such an act as an ordinance, it seems to me, would be judicial legislation.  It would break down one of the very safeguards the legislature designed to throw

around the tax paying constituency of such governing bodies. In its essential qualities the mode of proceeding in such cases is of substance. The courts ought to uphold and respect them, as they are valuable for the proper protection of the constituent members of municipal corporations. The board of trustees is just what the charter makes them. They have no power nor discretion except what is expressly conferred upon them. And nothing is more conspicuous in the recent organic law, and the decisions of th᷍ supreme court of this state, than a fixed purpose to keep such bodies within the limits of the law creating them. *Saxton v. City of St. Joseph*, 60 Mo. 153; *Thompson v. City of Boonville*, 61 Mo. 282; *State ex rel. v. Dallas County*, 72 Mo. 329; approving the opinion of Sherwood, J., in *State ex rel. v. Garroutte*, 67 Mo. 445.

It follows that the judgment of the circuit court should be reversed. With the concurrence of Hall, J., it is so ordered; Ellison, J., dissents.