INHABITANTS OF THE VILLAGE OF SCHELL CITY, Respondents, v. L. M. RUMSEY MANUFACTURING COMPANY, Appellants.

Kansas City Court of Appeals, February 17, 1890.

1. **Municipal Corporations:** VOID CONTRACT: IMPLIED PROMISE. A village which purchased a fire engine, without the passage of an ordinance authorizing it, cannot be held on an implied contract, the contract being void in its inception, and to allow a recovery on an implied promise would defeat the object of the statute, section 5360, Revised Statutes, 1879.

2. **Mistake**: VOLUNTARY PAYMENT THROUGH MISTAKE OF LAW OR FACT. Where the transaction with the village was either a voluntary payment on an executed illegal contract or a legal purchase by the trustees of the village, and a voluntary payment thereon by the village, the village cannot recover back money so paid, the rule applying that money voluntarily paid under a mistake of the law, but with full knowledge of the facts, and without fraud, cannot be recovered.

3. **Estoppel**: DEFENDANT'S PURCHASE AT EXECUTION SALE NOT AN. The fact that defendant purchased such engine at the sale under its execution against the village trustees, for the remaining purchase price, does not operate to forfeit its right to the original purchase money it had long before received from the village.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

IN 1883 the trustees of the village of Schell City ordered a village fire engine of defendant, L. M. Rumsey Manufacturing Company, a corporation doing business in St. Louis, Missouri, the price of which was eight hundred and three dollars. The engine was duly shipped and tested in Schell City, and a part of the purchase price, five hundred dollars, was paid as soon as found satisfactory, and a warrant for the balance, three hundred and three dollars, issued to defendant, payable at a future date. In April, 1883, about two months after the engine was received, a new board of trustees was elected in Schell City, and this board repudiated the purchase and refused to pay the three hundred and three dollars. Thereupon, the Rumsey Manufacturing Company instituted the suit against Schell City reported in 21 Mo. App. at page 175, and in that suit the Rumsey Company was defeated on the ground that there was no ordinance authorizing such purchase.

Some time after the rendition of judgment in that case the Rumsey Company brought suit in the Vernon county circuit court against Norton, Higbee, Strong and

Cunningham, the trustees making the purchase, for the balance of three hundred and three dollars due on said engine, recovered judgment by default, and levied execution on all the right, title and interest of said defendants in the fire engine and sold all their right, title and interest in the same, and at the sale the Rumsey Manufacturing Company became the purchaser.

After the objecting board of trustees went out of office the new board paid the bill of Norton and Dade for storing the engine, and passed an ordinance organizing a fire company and placing the engine in charge of the company. In the meantime the engine had been used to extinguish the fires which occurred in the town.

This suit is brought to recover the five hundred dollars paid by Schell City as aforesaid on the purchase price of said engine; and, under the instructions of the court, the jury brought in a verdict for plaintiff for five hundred dollars with interest at six per cent., less $224.15, the amount raised by private subscription in Schell City for the purchase of the engine. Judgment was rendered thereon in the circuit court and defendant Rumsey Company has appealed to this court.

*Kimball & January*, for the appellant.

(1) Schell City had the power under the statute to purchase a fire engine. R. S. 1879, sec. 5010. (2) A municipal corporation is liable on an implied promise to pay for property appropriated to its use though the contract therefor was not made in the manner prescribed by law. *City of Louisiana v. Wood*, 102 U. S. 153; 1 Dillon's Mun. Corp. [3 Ed.] p. 455, secs. 459, 460 and note; *Cheney v. Brookfield*, 60 Mo. 53; *Rumsey Mfg. Co. v. Schell City*, 21 Mo. App. 175; *Johnson v. School Dist.*, 67 Mo. 319, opinion of Judge HOUGH. (3) It must, therefore, follow that after the purchase price is once paid it cannot be recovered at the suit of the municipal corporation.

*Burton & Wight*, for the respondents.

(1) Schell City had no power to purchase a fire engine in the absence of an ordinance. *Rumsey Mfg. Co. v. Schell City*, 21 Mo. App. 175; *Stewart v. City of Clinton*, 79 Mo. 603; *Werth v. City of Springfield*, 78 Mo. 107. (2) Respondent is not liable on an implied promise. It can only be held on an express promise, and that express promise must be within the scope of its powers. R. S. 1879, sec. 5360; *Woolfolk v. Randolph*, 83 Mo. 501; *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Keating v. City of Kansas*, 84 Mo., bot. page 419.

GILL, J.—The substance of this controversy may be thus briefly stated: The officers of the village of Schell City (acting as *they thought* for the village) purchased from the defendant, Rumsey Manufacturing Company, a fire engine at the price of eight hundred and four dollars. The engine was delivered to the village who paid on the purchase price the sum of five hundred dollars. Schell City subsequently refusing to pay the remainder due on the engine, the Rumsey Company brought suit (21 Mo. App. 175), and therein was defeated because such purchase was not authorized by an ordinance duly passed. The Rumsey Company then sued the officers making the purchase, as individually bound, and recovered the balance due, to-wit: Three hundred and four dollars. The result then of these lawsuits established a purchase of the engine by Norton *et al.* (the village officers), five hundred dollars of the cost price being paid by Schell City, and the balance paid by said Norton and others. Schell City now asks the courts to require the Rumsey Company to pay back to it the five hundred dollars thus paid under a mistaken liability.

I. On the point that Schell City may be held for the value of the engine as on an implied promise, we

must decide against the contention of the defendant's counsel.   Section 5360, Revised Statutes, 1879, provides, that "no county,  *  *  *  village,  *  *  *  shall be bound or held liable upon any contract, unless the same shall be within the scope of its powers, and expressly authorized by law, nor unless such liability shall be upon a consideration wholly to be performed or executed subsequent to the making of the contract, nor unless the contract, including the consideration, shall be in writing, and dated when made and subscribed by the parties thereto, or their agents authorized by law, or duly appointed and authorized in writing."   Now it has been decided that the contract for the purchase of this engine by the village of Schell City was not "authorized as the law provides, in that no ordinance was enacted by the legislative body of the municipality. 21 Mo. App. 175.   The alleged contract, then, by the village was void in its inception, nor can the village be held by virtue of any implied obligation.   To so hold would defeat the very object of the statute.   See *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Woolfolk v. Randolph County*, 83 Mo. 501.

II.   Upon another view, however, of this case we must hold that the plaintiff Schell City cannot be permitted to recover back the money so paid on account of this engine.   The transaction, as determined by the courts, was either a voluntary payment of money on an executed illegal contract or was a legal purchase of the engine by Norton *et al.*, and voluntary payment thereon by the plaintiff village.   In either event the village cannot now force defendant to return the money.   The facts, when construed in the light of the law, constituted a purchase by S. W. Norton, J. L. Higbee, T. L. Strong and H. G. Cunningham, and they were held as purchasers.   Schell City, with full knowledge of all the facts, though mistaken as to the law, paid the money now sought to be recovered.   The well-established doctrine is, that money voluntarily paid under a mistake

of the law, but with a full knowledge of the facts, and without fraud, cannot be recovered. 1 Pars. Cont., side p. 466; 2 Chitty on Cont. [11 Ed.] 945; 2 Dillon, Mun. Corp. [3 Ed.] sec. 940, *et seq.; Skinner v. Henderson*, 10 Mo. 205; *Union Savings Ass'n v. Kehlor*, 7 Mo. App. 165; *Wolf v. Marshall*, 52 Mo. 171; *Buchanan v. Sahlein*, 9 Mo. App. 564; *Westlake v. St. Louis*, 77 Mo. 47; *Snelson v. State*, 16 Ind. 29; *Supervisors of Onandaga v. Briggs*, 2 Denio [N. Y.] 26.

There are few cases where the application of the above rule so well subserves the end of justice as it does here. It is undisputed that this defendant, in good faith, supplied Schell City with a fire apparatus, and at reasonable cost; that the village paid a portion of the purchase price, and that, to get the balance, Rumsey & Company was forced to resort to the individual liability of the town officers. Having thus, by the delay and expense of lawsuits, only received the price of the machine furnished, comes now the village and seeks to get back the portion which it voluntarily paid. The success of this effort would work a peculiar hardship, and it is to the law's credit that the effort must fail.

It adds nothing to the merit (or *legal advantage* for that matter) of plaintiff's cause that the engine was sold at public sale by the sheriff on an execution against Norton and others, and that the Rumsey Company purchased the machine at such public sale. Plaintiff, or any other person, could as well have availed themselves of this opportunity; and we fail to see, that, by appearing at the sheriff's sale and bidding more for this, then second-handed engine, than others were willing to give, defendant forfeited any right to the original purchase money it had long since received from the village corporation.

The judgment of the circuit court, which was for the plaintiff, is for the wrong party, and is, therefore, reversed. All concur.