S. E. TAYLOR, Respondent, v. SCHOOL DISTRICT No. 3, TOWNSHIP 38, RANGE 32, BATES COUNTY, MISSOURI, Appellant.

**Kansas City Court of Appeals, January 14, 1895.**

1. **Schools:** CONTRACT: POWERS OF BOARD: SWEEPING. The board of directors of a school district have power to contract for sweeping the school house and making fires at the expense of the district. but the exercise of such powers is confined to the mode prescribed by the statute to the exclusion of every other mode, and such contract must be in writing as the statute directs.

2. ———: ———: ———: ———. The fact that the board fails to perform its duty in this regard will not authorize the teacher to contract to pay for such services so as to bind the district, even though the school could not be carried on without such services.

3. **Action:** QUANTUM MERUIT: CONTRACT IN WRITING. The law will not make valid, without writing, that which the law requires should be in writing, and for a void contract no action arises whether on a. *quantum meruit* or sounding in tort.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

REVERSED.

*Graves & Clark* for appellant.

(1). The admitted facts show that there was no contract at all for the services for which this suit is brought, but on the contrary, that it is a *quantum meruit* action. The defendant is not liable, under the law, in this kind of an action. R. S. 1889, sec. 3157; *Crutchfield v. City of Warrensburg*, 30 Mo. App. 356; *Woolfolk v. Randolph County*, 83 Mo. 501; *Johnson v. School District,* 67 Mo. 319. (2) Before the defendant, being a school district, could have become liable for these serv-

ices, or, in fact, for anything, there must be a contract in writing, dated when made, and subscribed to by the parties thereto, which contract in writing must have expressed therein the consideration, and must be executed prior to the doing of any of the things in said contract provided. R. S. 1889, *supra; Crutchfield v. City of Warrensburg, supra; Woolfolk v. Randolph County, supra; Johnson v. School District, supra; Mfg. Co. v. Schell City*, 24 Mo. App, 175; *Schell City v. Mfg. Co.*, 39 Mo. App. 267, 268. (3) The agreed statement of facts, shows that plaintiff did not do the work himself, but had it done by another party, and then paid for it. He could not recover for services rendered by himself, because he did not render them. The party hired by plaintiff could not recover from the district because plaintiff had no authority to bind the district, even if the district was liable without the written contract required by section 3157. No act can bind the district, except it be one done by direction of the board of directors, when in session. *Kane v. School District*, 48 Mo. App. 408, 414; *Johnson v. School District, supra; Baran v. Plank Road Co.*, 26 Mo. 102.

*Templeton & Hales* for respondent.

(1) It is true, as stated by appellant's counsel, that there was no contract express, either written or verbal between the parties to this suit. If section 3157 of the Revised Statutes of Missouri should be held by this court to be applicable to the statement of facts embodied in the controversy between these parties, then, of course, respondent would have no standing in this court. But as we view it this statement does not apply to the statement of facts herein. Section 7992 of the Revised Statutes. *Page v. Board of Education*, 59 Mo. 264. The sweeping of the floor and the building of

the fires could not be dispensed with.   Section 7992 says these things must be done at the expense of the district.

SMITH, P. J.—This is an action which was commenced before a justice of the peace on a statement in which it was alleged that "the defendant was indebted to plaintiff in the sum of $16 for janitor fees," during an eight month's term of a district school.   The cause was removed by appeal to the circuit court where there was a trial and judgment for plaintiff, from which defendant has appealed.

The case was submitted to the court without the aid of a jury upon an agreed statement of facts from which it appears, *first*, that plaintiff a duly qualified school teacher under a written contract with defendant, taught school for a term of eight months in said district; *second*, that there was no provision contained in said contract in respect to the sweeping of the floors or the making of fires in the schoolhouse; *third*, that plaintiff requested the president of the board of directors to furnish a janitor to perform the service just mentioned but which was refused; *fourth*, that plaintiff hired a janitor during said school term paying him $2 per month for his services; *fifth*, that said school could not have been carried on in the district school house for said term without the making of fires and sweeping of the floor therein; and, *sixth*, that plaintiff demanded of defendant the said sum of $16 before the commencement of this suit.

The single question presented for our determination is whether on the facts agreed the plaintiff under the law was entitled to recover.   We are of the opinion this question must be answered in the negative.   It is provided in section 3157, Revised Statutes, that no school district shall make any contract unless the same be within the scope of its powers or be expressly author-

ized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making thereof; and that such contract including the consideration shall be in writing and dated when made and shall be subscribed by the parties thereto, etc. And section 7992, further provides that the board of directors shall have the care and keeping of the school houses belonging to the district; provide necessary globes, maps, etc., for the school room as well as fuel necessary for the use of the school and that the floors be swept and fires made at the expense of the district, and they shall also cause an accurate account thereof to be kept and reported at the next annual meeting.

From these statutory provisions it seems that the board of directors have the power to contract for sweeping the district schoolhouse and making fires therein during the school term at the expense of the district. But the exercise of this power is confined to the mode prescribed by the terms of the statute. It is exclusive of every other mode. Such contract is no contract which the board of directors are authorized to make, unless made in the manner and under the conditions required by the terms of the statute. *Crutchfield v. Warrensburg*, 30 Mo. App. 456. The undoubted purpose of these requirements is that the terms of the contract shall in no essential particular be left in doubt or to be determined at some future time but shall be fixed when it is entered into. If a person can without such contract in the first instance go and bind the school district as on an implied contract for the value of his services, it would defeat the purpose the legislature had in enacting the statute. *Crutchfield v. Warrensburg, supra; Woolfolk v. County*, 83 Mo. 506. The law will not make that valid without writing which the law requires should be in writing. *Chase v. Railroad*, 97

N. Y. 389. And as said in *Keating v. City of Kansas*, 84 Mo. 419. "From a void contract no cause of action can arise whether of *quantum meruit* or sounding in damages." And to the same effect is *McDonald v. Mayne*, 68 N. Y. 23.

Here there is no pretense that there was a contract in writing entered into at all for the performance of the service for which compensation is claimed. It is clear that from the facts agreed the law does not imply a promise on the part of the defendant to pay for the services rendered by plaintiff though of a beneficial nature. It is too plain for argument that under the statute and adjudications already referred to that on the facts agreed no cause of action arises. The fact that the school could not have been carried on without the services of a janitor does not strengthen the plaintiff's claim for compensation. Suppose the defendant's directors had refused to keep the schoolhouse in repair and good condition or to provide fuel and other material necessary for the use of the school as in duty bound to do under the statute, would the plaintiff have been justified in having these neglected duties performed by others at the expense of the district? Most certainly not. If in consequence of the neglect of these duties the plaintiff could not carry on his school for the term, this would not exonerate the defendant from liability to plaintiff for his wages under the contract. But the entering into a valid contract with plaintiff to teach the district school did not invest him with any of the powers conferred upon the board of directors by the statute. He had no more power to employ a janitor than he had to repair the schoolhouse or provide fuel at the expense of the district. These functions belonged to the board of directors and no other person could exercise the same for them, and they only in the mode

prescribed by statute. It, hence, follows that the judgment of the circuit court must be reversed without remanding the cause. All concur.