IRA C. TERRY, Appellant, v. THE BOARD OF EDUCATION OF CITY OF ST. LOUIS, Respondent. | 84   21 |
| 99  ¹488 |

**St. Louis Court of Appeals, March 27, 1900.**

1. **School Board of the City of St. Louis: POWERS OF SCHOOL BOARD TO MAKE CONTRACTS: STATUTORY CONSTRUCTION.** By the Acts of 1874, page 44, the powers of school directors to make any contract valid, it must first appear that the contract is within the scope of these corporate powers, and it must next be shown that the contract in question arises upon a consideration to be rendered subsequent to its making, and that it was in writing and duly executed.

2. ———: ———: ———. Hence the contract with plaintiff in the case at bar not being in accordance with the statute, imposed no obligation upon the former school board, nor upon the defendant as its successor, in duty, as well as in right.

Appeal from the St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*O'Neill Ryan* for appellant.

(1)   In the circumstances of this case the plaintiff was employed by the school board, and is entitled to be paid the reasonable value of his services. Holmes v. Board of Trade, 81 Mo. 142; Thompson v. School District, 71 Mo. 495; Page v. Township, 59 Mo. 264; Board of Education v. Greenebaum, 39 Ill. 610; Abbot v. School District, 7 Maine, 118; Langdon v. Town, 30 Vt. 284; Selma v. Mullen, 46 Ala. 411.   (2)   The school board received the benefit of plaintiff's services, knowing he meant to charge and expecting to pay him therefor, and the law implies the promise, and the employment need not have been formally made. Holmes v. Board of Trade, *supra;* Allen's Adm. v. The Trustees, 41 Mo. 310; Heimenz v. Goerger, 51 Mo. App. 586.

*R. E. Rombauer* and *F. N. Judson* for respondent.

(1)   The plaintiff has no standing in court because his alleged contract, including the consideration thereof, was not in writing, dated and subscribed. R. S. 1889, sec. 3157; Crutchfield v. Warrensburg, 30 Mo. App. 461; Heller v. Stremmel, 52 Mo. 311; State ex rel. v. Tracy, 94 Mo. 221; State ex rel. v. Board St. Louis Public Schools, 112 Mo. 219; Constitution of Missouri, art. 10, secs. 1 and 11.   (2) The charter of the board of president and directors of the St. Louis Public Schools is a public act, of the provisions of which courts take judicial notice.   By the first section of that act the plaintiff as a resident of the city of St. Louis was during the period stated in his petition a member of that corporation.   By the fourth section of the act the board is invested with power to make rules for the government of its own proceedings.   Laws 1824-35, p. 399.   (3)   The powers and duties of the president and attorney of the board of

president and directors of the St. Louis Public Schools were defined by rule. The plaintiff being a member of said corporation is conclusively presumed to be cognizant of the limitation of these powers, and is presumed to have known, that neither the president nor the attorney had power to retain special attorneys on behalf of the board. McLellan v. Board of Directors of the St. Louis Public Schools, 15 Mo. App. 362. (4) Even if the statute and these rules were entirely out of the case, the plaintiff on the facts shown could not recover. Carroll v. City of St. Louis, 12 Mo. 444; Kane v. School District, 48 Mo. App. 409; State ex rel. v. Lockett, 54 Mo. App. 202; Surveying Company v. City of St. Louis, 68 Mo. App. 187.

BOND, J.—On the thirteenth of February, 1833, a corporation known as the Board of President and Directors of the St. Louis Public Schools, was created by an act of the legislature, which reserved the right to alter, amend, or repeal it at the pleasure of the lawmaking body. This corporation continued to exist and discharge the duties imposed by its charter, until the twenty-third of March, 1897, when its charter and all acts supplementary to and amendatory thereof were repealed by an act of the legislature, which at the same time constituted the city of St. Louis and the inhabitants thereof a single school district and body corporate, charged with the supervision and government of public schools, and vested these duties in a board of twelve members, termed The Board of Education of St. Louis. The charter of the original corporation invested its board with the power to make rules for its governance, in pursuance of which the several officers of the board were enumerated; and provision was made for their election by the *viva voce* vote of the members of the board of directors, and the duties devolved upon the respective officers were specifically defined.

As to the president it was provided that he should preside at
all sessions of the board, sign contracts ordered to be exe-
cuted by it and warrants on its treasurer, appoint commit-
tees, when not otherwise provided for, and that he should
be the custodian of the official bonds of its officers.  It was
further provided that the attorney of the board should take
charge of its legal business, should attend its sessions, give
written opinions on questions referred to him, prepare its
contracts and conveyances, and pay over the moneys col-
lected by him for the board to the secretary.  In August,
1896, the board granted to its then attorney a vacation.  Be-
fore availing himself of this he requested the plaintiff to at-
tend to certain contracts which the board had made, and to
give its officers advice as to any matters of urgency that
might arise in his absence, which requests were complied
with by the plaintiff.  On August 28, 1896, an injunction
suit was begun against the board, whereupon its president
called on the plaintiff and asked him to attend to the litiga-
tion.  On the fourteenth of September, 1896, the regular
attorney of the board returned from his vacation, and he
and the president called on plaintiff and requested him to
continue in charge of said litigation.  Prior to the return
of the regular attorney of the board, plaintiff communicated
to it his opinion, signing himself as acting attorney.  He also
orally addressed it as to the injunction suit, and is mentioned
in the report of its proceeding as acting attorney.  On the
eighth of December, 1896, the semiannual report of the
regular attorney of the board referred to the plaintiff as
special counsel in the injunction proceeding.  For the rea-
sonable value of his services so performed this action is
brought by the plaintiff against the defendant as the cor-
porate successor of the former school board, upon an allega-
tion in his petition that the former school board, through

its president, employed him to attend to such litigation in its behalf.

The answer denied that the services claimed were rendered at the instance and request of said school board, or that it was liable to pay for the same. The answer admitted that the defendant was the corporate successor of the former school board, and also that plaintiff had rendered valuable services in obtaining a dissolution of the injunction, but alleged that plaintiff had been employed by the president of the school board in accordance with a custom of its regular attorneys to point out some one for the discharge of their duties during the short vacation, which it was the habit of the board to grant them, and alleged further that said school board had never retained the plaintiff in fact.

The reply took issue. There was a verdict and judgment for defendant, from which plaintiff appealed.

The two charters under which the defendant has existed since 1833, created it a public corporation and school district, charged with the duty of educating the children residing within its territorial limits. State ex rel. O'Connell, v. Board of Pub. Schools, 112 Mo. l. c. 218. In 1874 the legislature passed a law restrictive of the power of school districts and other corporations of a like character. By this act to make any contract of such corporation valid, it must first appear that it is within the scope of their corporate powers, and it must next be shown that the contract in question arises upon a consideration to be rendered subsequent to its making, and that it was in writing and duly executed. R. S. 1889, sec. 3157; Acts of 1874, page 44. The legislature had full power to prescribe this mode of authenticating the contracts of school districts, and also to condition the enforcibility of such contracts upon compliance with these requirements. It has done so. Hence the contract of plaintiff not being in accordance with the statute, imposed

no obligation upon the former school board, nor upon the defendant as its successor, in duty, as well as in right. Crutchfield v. Warrensburg, 30 Mo. App. 461; Woolfolk v. Randolph County, 83 Mo. 506. There is no way of evading the application of this statute to the school board under either charter without denying it the distinctive character as a school district which is possessed under both incorporations. The authorities cited by the learned counsel for appellant as to the general scope of power to contract vested in the managing officers of private corporations, or the implied acts of such corporations resulting from acceptance of the benefits of contracts made in their behalf, have no relevancy to the matter in hand. Here the body which created a public corporation for state ends, prescribes the method and extent of its power to act in the formation of contracts. Necessarily those limitations take it out of the category of private corporations acting by inherent right as such, or in the manner approved at common law. The case of Page v. Township Board of Education, 59 Mo. 264 (cited by appellant) evidently arose prior to the enactment of the above statute, or was inadvertently decided, for the Act of 1874, in express terms, applies to "school townships," and requires their contracts to be evidenced according to its provisions. The decision in that case was rendered in 1875. It is reasonably certain, therefore, that the services sued for accrued under a contract made before the Act of 1874, elsewise the case would not have reached the supreme court when it did. The learned counsel for appellant cites Thompson v. School Dist., 71 Mo. 495. That case has no bearing whatever upon the application of the statute of 1874, for it distinctly appears from the statement in the opinion that the causes of action therein sued for arose in the years 1867, 1868 and 1869. At that time there was no statutory restriction upon the power of such corporations to contract

orally, and the remarks of the learned judge in that case have therefore no bearing whatever on the point under review.

While we think it clear that the plaintiff has no redress against the defendant, we do not decide that he can not recover from the president of the former school board for the services rendered on his behalf, nor do we decide that there is any reason why the latter (the president of the former school board), being one of the parties to the injunction suit should not be entitled to a recovery over upon the bond given in that litigation. As to these questions, however, we express no opinion. It is sufficient to say that under this record, the judgment of the lower court is manifestly correct, and is therefore affirmed. All concur.