GEORGE F. PERKINS, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF RIDGEWAY, Respondent.

Kansas City Court of Appeals, April 27, 1903.

1. Contracts: MEETING OF MINDS: PROPOSITION: ACCEPTANCE. To constitute a contract, the minds of the parties must assent to the same thing in the same sense, and the acceptance must be unequivocal, unconditional and without any variance of any sort between it and the proposal.

2. ———: ———: ———: ———. The evidence relating to a contract of a school district with plaintiff to superintend the construction of a new building is reviewed, and it is held that there was no meeting of minds and no acceptance by the defendant of the plaintiff's proposal.

3. ———: WRITING: QUANTUM MERUIT: STATUTE. A party who has no written contract with a public corporation on which he can maintain an action, is not entitled to recover on a *quantum meruit*, which would render the statute requiring a written contract wholly ineffective.

Appeal from Harrison Circuit Court. — *Hon. P. C. Stepp*, Judge.

AFFIRMED.

*J. C. Wilson* and *Perry & Lyons* for appellant.

(1) The contract made with appellant was within the powers of the school board. Where an express power is given by a statute, all the powers necessary to carry it into effect are implied. The directors of a board empowered to build a house, and furnished with funds for that purpose, have all the powers necessary and incident to make the grant effectual, and contracts entered into by them for that purpose are valid and binding on the district. McClure v. School Dist., 79 Mo. App. 80; State ex rel. v. Phipps, 148 Mo. 31; Water Co. v. Aurora, 129 Mo. 540. (2) The written proposition of appellant, the acceptance thereof by respondent by an order entered of record by its board of directors and the certificate issued to appellant, may be read together to constitute a valid contract. Bryson v. Johnson, 100 Mo. 84; Christiansen v. Wooley, 41 Mo. App. 53; Cunningham v. Williams, 43 Mo. App. 629; Saleno v. Neosho, 127 Mo. 637; Water Co. v. Aurora, 129 Mo. 578; Water Co. v. Lamar, 128 Mo. 192. (3) The loss of part of the papers constituting the contract by the officers of the district will not operate to defeat plaintiff's right of recovery on the written contract as originally executed. State ex rel. v. Goodhue, 74 Mo. App. 165; Addis v. Graham, 88 Mo. 197; Abel v. Strimple, 31 Mo. App. 86; Strange v. Crowley, 91 Mo. 287; Briggs v. Henderson, 49 Mo. 531. (4) The district is estopped to deny the validity of the contract. McShane v. School Dist., 70 Mo. App. 624; Armstrong v. School Dist., 28 Mo. App. 169; McClure v. School Dist., 79 Mo. App. 80; Page v. Twp. Board, 59 Mo. 264; Trustees v. Trustees, 81 Ill. 470; Ehrgott v. Mayor, 96 N. Y. 264; Fur. Co. v. School Dist., 50 Kan. 727.

*J. M. Sallee* for respondent.

(1) The law requires all contracts made by a school district with an individual to be in writing. Sec, 6759,

R. S. 1899.   (2)   This section has been construed by our courts of last resort so often, and the law has become so firmly fixed, it seems to me, to cite authorities in support thereof would be useless.   However, every time this question has been before our courts of last resort, they have invariably upheld this section, as the following authorities will show:   Norfolk v. Randolph County, 83 Mo. 501; Crutchfield v. Warrensburg, 38 Mo. App. 456; Shell City v. Mfg. Co., 39 Mo. App. 264; Taylor v. District No. 3, 60 Mo. App. 372; McDonald v. Mayor, 68 N. Y. 23; Savage v. Springfield, 83 Mo. App. 323; Terry v. Board of Education, 84 Mo. App. 21.   (3) The acceptance to close a contract on an offer must be absolute, unambiguous, unequivocal, without condition or reservation and in exact accordance with the offer.   It must not vary from the offer either by way of omission, addition or alteration.   If it does, neither party is bound.   Scott v. Davis, 141 Mo. 213; Green v. Cole, 103 Mo. 70; Taylor v. Von Schraeder, 107 Mo. 206; Egger v. Nesbitt, 122 Mo. 675; Cockrell v. McIntire, 161 Mo. 59, 69.

ELLISON, J.—This is an action for services for superintending the erection of a school building for defendant, costing about eight thousand dollars.   The judgment below was for defendant.   The point of difference is that the contract employing plaintiff was not in writing, signed by the parties thereto, as required by section 6759, Revised Statutes 1899, which reads as follows:

"No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made

and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing."

Since it has been decided by the Supreme Court (Saleno v. Neosho, 127 Mo. 627) that the fact of a contract not being executed in duplicate would not vitiate it, the defendant makes no point of objection on that head. But, as just stated, he does maintain that there was no showing of a contract in writing signed by the parties thereto.

At the close of plaintiff's case the court sustained a demurrer to the evidence, and in consequence we will confine ourselves, on the facts, to what the evidence tends to show. Plaintiff testified that he made a proposition in writing to superintend the construction of the building for $25 per month; the service to occupy not more than one hour in the forenoon and one in the afternoon of each day. The evidence further showed the following action by the school board entered of record:

"By unanimous vote of the board in special session this day for the purpose of selecting a superintendent of construction, for the new school building, to act until the completance of the same, G. F. Perkins was elected as such superintendent, on his proposition that he was to do the work for $50. And full authority was given him to pass upon the work and material entering into the construction of said school building.

"Board then adjourned.

"F. M. Spragg, President."

"Ellis F. Hopkins, Secretary."

It was then shown that plaintiff performed service extending through six months, and that he received no compensation from defendant. It was, however, shown that he refused the compensation provided for in the following record order of the board:

"Motion carried by unanimous vote of the board, that G. F. Perkins be allowed $50 for full payment as his services as superintendent of construction of school

building, according to his proposition made at the time of his employment as such superintendent.

"Warrant order in accordance with the above motion.

"F. M. SPRAGG, President."

"ELLIS F. HOPKINS, Secretary."

The evidence being that plaintiff made a "written proposition," we think its tendency is to show that he signed it. We, therefore, have evidence of a written proposition signed by the plaintiff. We have the further evidence that plaintiff was employed as superintendent and that a proposition of his was accepted by the board in writing duly signed by the proper officers. The point of difference in the evidence is that plaintiff stated his proposition was for $25 per month for work of two hours per day, and he sues upon a contract based on that; while the other evidence is that his proposition was for the definite sum of $50. If plaintiff had stated that his proposition was for $50, then the contract would have been valid, for his written proposition, followed by defendant's written acceptance, together, made a complete contract. Water Co. v. Aurora, 129 Mo. 540; Saleno v. Neosho, 127 Mo. 627.

But plaintiff's proposition to serve two hours per day for $25 per month was not accepted by the board. The proposition accepted by the board was wholly different; thus resulting in no contract. For the law is, "that to constitute a contract, the minds of the parties must assent to the same thing in the same sense. There must be a mutual assent to all the propositions." Green v. Cole, 103 Mo. 70; Cockrell v. McIntyre, 161 Mo. 59, 69. "The acceptance must be unequivocal, unconditional, and without any variance of any sort between it and the proposal." Taylor v. Von Schraeder, 107 Mo. 206. Judge ROBINSON, in Scott v. Davis, 141 Mo. 213, stated the rule in yet broader terms. He said: "We regard the rule as well settled that the acceptance to close a contract on an offer must be absolute, unambig-

uous, unequivocal, without condition or reservation, and in exact accordance with the offer.'' It is manifest, under this rule, that plaintiff's proposition of contract as declared upon was never accepted.

If it should be suggested that the written resolution of the board purporting to accept a proposition of $50 was itself a proposition to plaintiff of employment at that sum and accepted by him as evidenced by his performing the service, the answer would be that it was not accepted in writing as required by the statute aforesaid. The law as laid down in that statute has been frequently applied to attempts at contracts which were violative of its terms, and in every instance the terms of the statute have been enforced save as to the necessity for duplicate copies of the contract. Woolfolk v. Randolph Co., 83 Mo. 501; Crutchfield v. Warrensburg, 30 Mo. App. 456; Schell City v. Rumsey Mfg. Co., 39 Mo. App. 264; Taylor v. School Dist., 60 Mo. App. 372; Savage v. Springfield, 83 Mo. App. 323; Terry v. Board of Education, 84 Mo. App. 21.

There is a count in plaintiff's petition in *quantum meruit*. It is, however, clear that if the statute forbidding public bodies from entering into contracts except in writing, is to have any effective enforcement, it will be necessary to deny the right of recovery for the value of services rendered on the ground of any implied undertaking. And so it has been held both here and in the St. Louis Court of Appeals. Schell City v. Rumsey, 39 Mo. App. 264; Savage v. Springfield, 83 Mo. App. 323; Terry v. Board of Education, 84 Mo. App. 21.

The judgment is affirmed. All concur.